WILLIAM EDWARDS

*v.*

JOHN G. DULING.

36　351
106a ²596

1. APPEAL — *when dismissing, error.* It is error to dismiss an appeal on motion, for the reason the docket fee was not paid by the party taking the appeal.

2. SAME — *for non-payment of docket fees.* The proper course in such case, is, where the appellee, in order to get the cause on the docket, has paid the

docket fee, to take a rule on the appellant to pay the docket fee by a day named, or that his appeal will be dismissed.

3. SAME — *when rule not complied with.* The law is complied with when the docket fee is paid and the cause docketed, and must be proceeded with as any other cause properly docketed, subject, however, to be dismissed if the rule is not complied with.

Appeal from the Circuit Court of Edgar county; the Hon. C. H. CONSTABLE, Judge, presiding.

Appellee brought suit, for forcible entry and detainer, against appellant, before a justice of the peace of Edgar county. Trial was had on the 26th day of May, 1864, and judgment was rendered against appellant. Appellant appealed to the Circuit Court of Edgar county, and filed an appeal bond with the justice of the peace, which was accepted and approved by him. Appellant, neglecting to file a transcript of the case in the office of the clerk of the Circuit Court of Edgar county, and pay the docket fee, on the 4th day of the October term, 1864, of the Edgar Circuit Court, appellee filed a transcript of the case in the office of the clerk of that court, paid the necessary docket fee, and had the case regularly docketed. At the same time, the appellee, by his counsel, moved the court to dismiss the appeal because the appellant had failed to pay the clerk the docket fee required by the statute, and afterwards, and on the same day, the appellee proved to the court, that the appellant had refused to pay the docket fee as provided by law, although previously requested so to do, and thereupon the court dismissed the appeal and awarded *procedendo* to the justice of the peace, etc. And afterwards, and on the same day, and after the entering of the above order, the appellant, by Green, his attorney, filed his motion in writing to set aside the order dismissing the appeal, etc., and assigned as reasons therefor —

1st. That he had not refused to pay the docket fee in the cause and to docket the same, but intended to pay the docket fee and place the cause on the docket.

2nd. That the failure to place the cause on the docket, was not sufficient cause in law to authorize its dismissal, without taking a rule against the appellant to docket the same.

3rd.  The cause, when docketed, should not have been dismissed until process had issued and been served in the case.

4th.  No notice of the motion to docket, and dismiss, was served upon the appellant.

5th.  The order dismissing the cause is contrary to law.

6th.  The parties to the cause were not before the court.

Which motion the court took under advisement, and subsequently overruled.  Exceptions were taken and allowed, etc., and appeal taken to this court.

The errors assigned are:

1.  The court erred in dismissing the appeal.

2.  The court erred in refusing to allow appellant's motion to set aside the order of dismissal and to reinstate the case.

Mr. JOHN SCHOLFIELD, for the Appellant.

Messrs. BLACKBURN & EADS, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The facts, as they appear in the record, are, briefly, these: An appeal was taken by the appellant here, from a judgment rendered against him, by a justice of the peace, in an action of forcible detainer.   The appellant did not take the steps required by the statute to have the cause placed on the docket, by paying the docket fee of one dollar, allowed by the act approved January 15, 1863.   On the fourth day of the term of the Circuit Court, to which the appeal was taken, the appellee filed the transcript from the justice of the peace, paid the docket fee, and had the cause placed on the docket, and, thereupon, moved the court to dismiss the case, because the appellant had failed to pay the docket fee, although requested so to do.   Whereupon, the court dismissed the appeal, and awarded a *procedendo* to the justice of the peace.

On the same day, appellant moved to set aside this order dismissing the appeal, for the reasons filed, which the court refused, and the case is brought here by appeal, where it is assigned for

error, first, dismissing the appeal, and second, refusing to set aside the order of dismissal and reinstate the cause.

The act of January 15, 1863, provides, in the second section, that no suit at law or in chancery shall be docketed, etc., until the party wishing the same so docketed, shall pay to the clerk a docket fee of one dollar, which shall be taxed in the bill of costs against the unsuccessful party, and collected as other costs. (Session Laws 1863, page 49.)

The phraseology of this section is somewhat singular. It does not require the party bringing the suit to pay the docket fee, but " the party wishing the same docketed " shall pay the docket fee. Now, an appellant, with a judgment against him, and the merits also, may not wish the cause docketed. He may prefer it should not come before the court for trial, and, therefore, although he has perfected his appeal by executing a bond, may not desire a trial on the merits. He fails to docket the cause by paying the docket fee. But the other party, wishing a trial, pays the docket fee, and has the cause docketed. The law is then complied with, and its purposes and object fully answered.

The cause being regularly on the docket, it was to be proceeded with, as any other docketed cause, with this exception: the appellant, or party taking an appeal, is required, as a general rule, to take all the steps necessary to bring his case into court and place it on the docket. If he has neglected this, a rule should be taken against him to show cause why the docket fee advanced by the other party should not be refunded, or the appeal dismissed, and on failure to comply with the rule, the appeal should be dismissed as for want of prosecution.

This record does not show any default on the part of the appellant after the cause was placed on the docket, and before he could, under such circumstances, be in default, a rule should have been taken against him, or the cause might progress, and the docket fee collected with the other costs. The most reasonable proceeding would be, we think, to take the rule against the appellant in the first instance, and if he does not refund the docket fee advanced by the appellee, then the appeal ought to be dismissed.

We do not think the court had the power to dismiss this appeal without first causing a rule to be served on the appellant. The judgment is reversed and the cause remanded.

*Judgment reversed.*