## KINSEY v. SHERMAN.

1. **Clerk of Additional Penitentiary:** COMPENSATION OF. The act fixing the compensation of the clerk of the additional penitentiary at Anamosa provided that he should "receive pay in the same sum and manner" as the clerk of the penitentiary at Fort Madison; by a subsequent act passed at the same session the compensation of the latter was increased: *held*, that the former did not thereby become entitled to a like increase.

*Appeal from Polk Circuit Court.*

THURSDAY, SEPTEMBER 20.

IT is averred in the petition that prior to the first day of April, 1874, plaintiff was duly appointed and qualified as clerk of the additional penitentiary of the State of Iowa, at Anamosa; that he has continued to hold said office, to perform all

the duties thereof, and to be entitled to all the compensation allowed by law therefor, from that time until the filing of the petition herein; that under the provisions of chapters 51 and 76 of the private. local and temporary acts of the 15th General Assembly, he is entitled to receive as such clerk, from the State of Iowa, an additional compensation to that allowed by law prior to the passage of said acts, of twenty dollars and eighty-three and one-third cents per month from the taking effect of said chapter seventy-six to the first day of April, 1876.

That defendant, B. R. Sherman, is auditor of the State of Iowa; that said B. R. Sherman, although often requested as provided by law, to so do, refuses to issue a warrant on the State treasurer as requested, for all or any part of said additional compensation.

It is prayed that a peremptory writ of *mandamus* may issue commanding defendant to issue the proper warrant for said additional compensation. To this petition there was a demurrer filed, which is as follows:

"1. The statutes referred to by the plaintiff in his petition do not entitle him to the additional compensation claimed.

"2. The plaintiff's petition shows no cause of action or grounds for the relief prayed for."

The demurrer was overruled. The defendant excepted and elected to stand on his demurrer, and judgment was entered awarding the writ of mandamus as prayed. Defendant appeals.

*J. F. McJunkin, Attorney General*, for appellant.

*Barcroft, Given & Drabelle*, for appellee.

ROTHROCK, J.—The salary of the clerk of the penitentiary at Fort Madison was fixed at $62.50 per month by section 4783

1. CLERK of additional penitentiary: compensation of.

of the Code. This continued to be his compensation until the passage of chapter 76 of the private and local laws of the 15th General Assembly. This act was approved March 19, 1874, and took effect April 4, 1874, and is entitled as follows:

"An act to provide for the improvement of the penitentiary

at Fort Madison, Iowa, and to provide for the increased salary of the clerk thereof."

Section 1 provides, "That there is hereby appropriated out of any money in the treasury not otherwise appropriated, or as much thereof as may be necessary for the several objects named, viz: For the purpose of putting in gas-works, the sum of one thousand five hundred dollars; for the purpose of salary of teachers, one thousand two hundred dollars; for increase of clerk's salary, five hundred dollars   *   *   *   ."

Chapter 51 of the private and local laws of the same session of the General Assembly was approved March 18, 1874, and took effect March 24, 1874.

This act provided that the clerk of the additional penitentiary at Anamosa should "receive pay in the same sum and manner" as the clerk at Fort Madison.

There can be no doubt that when this act was approved and took effect, each of said clerks was entitled to receive $62.50 per month, and without further legislation neither would be entitled to an increase. Its proper construction, taken in connection with section 4783 of the Code, was that the clerk at Anamosa should receive $62.50 per month.

Subsequently the legislature enacted chapter 76, making an appropriation of $500 for an increase of the salary of the clerk at Fort Madison. This was an appropriation for the specific purpose named. It made no appropriation for the compensation of any officers other than those named in the act. It is an appropriation act for specific purposes and appropriates specific amounts of money and cannot be held to include other objects or purposes.

We do not think that by any fair rule of construction the act fixing the salary of the clerk at Anamosa can be construed to have reference to the act subsequently passed, making an appropriation for the payment of the clerk at Fort Madison.

REVERSED.