LOUISA S. MESERVE, Ex'x.

*v.*

HENRY DELANEY.

*Filed at Ottawa November 20, 1882.*

1. COUNTY COURT—*in Cook county—divested of probate jurisdiction.* The act of 1877, creating probate courts in counties having a population of 100,000 or more, divested the county courts in those counties of all probate jurisdiction.

2. APPEAL—*dismissed for refusing to pay cost of transcript, etc.* An appeal by an executrix from an order of the county court of Cook county allowing a claim against the estate she represented, was allowed and per-

fected in 1875, but the appellant failed to file any transcript in the case in the circuit court, and in December, 1881, the party in whose favor the claim was allowed obtained from the clerk of the probate court (to which court the records and papers had been transferred) a transcript of the judgment appealed from, and the papers, properly certified, and filed the same in the circuit court, and after giving the executrix notice, obtained a rule on her to refund the costs paid for the transcript by a short day named, and that in default thereof her appeal be dismissed. The rule not being complied with the appeal was dismissed. On appeal by the executrix from the order of dismissal, the judgment was affirmed.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. H. O. McDAID, for the plaintiff in error.

Mr. JOHN R. PARKER, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 6th of October, 1875, a claim was allowed, by the judgment of the county court of Cook county, in favor of Henry Delaney, against the estate of Curtis C. Meserve, deceased, for the sum of $216.90. An appeal was prayed by the executrix from this judgment to the circuit court of Cook county. This was allowed, and the appeal was perfected by filing the necessary bond within the time required. All the probate records, and all the files, books and papers, of every kind, relating to probate matters, including the records, files, etc., of the estate of Curtis C. Meserve, deceased, were transferred from the county court of Cook county to the probate court of that county, pursuant to an act entitled "An act to establish probate courts in all counties having a population of 100,000 or more, to define the jurisdiction thereof and regulate the practice therein, and to fix the time for holding the same," approved April 27, 1877. Subsequent to this transfer, and on the 16th of December, 1881, Henry Delaney obtained from the clerk of the probate court of Cook county

a transcript of the judgment so obtained by him against the estate of Curtis C. Meserve, and the papers properly accompanying a transcript of that character, duly certified by that clerk, and filed the same with the clerk of the circuit court of Cook county,—no transcript in the case having been, at any time previously, filed by the appellant in that office. After causing a notice to be served upon appellant of the filing of this transcript and accompanying papers, Delaney obtained a rule of the circuit court requiring appellant to refund certain costs paid by him in obtaining the transcript, within a short day, and that in default thereof the appeal be dismissed, and appellant having failed to comply with this rule, the appeal was dismissed by order of that court. The present appeal is from that order.

The case comes directly to this court, because the sole question discussed is the constitutionality of that portion of the statute of April 27, 1877, *supra,* pursuant to which the probate records and files of the county court of Cook county were transferred to the probate court of that county. This court held in *Knickerbocker* v. *The People,* 102 Ill. 218, that so much of the act above referred to as created the probate court was constitutional, and this was subsequently reiterated in *Klokke* v. *Dodge,* 103 Ill. 125.

But the contention of counsel for appellant is, that the constitution did not authorize the divesting of the county court of probate jurisdiction, although conceding it did authorize the creation of the probate court, but that after the creation of the probate court, that court and the county court had concurrent jurisdiction in matters of probate, in Cook county. The able and learned printed argument of counsel upon this point has been carefully considered, and a majority of the court are still of the opinion announced in *Klokke* v. *Dodge, supra,*—that the creation of the probate court divested the county court of all probate jurisdiction. Mr. Chief Justice SCOTT, Mr. Justice WALKER, and the writer

hereof, did not concur in ·what was said in that regard in *Klokke* v. *Dodge, supra,* and they now dissent from the judgment here rendered.

The judgment below, for the reason expressed in *Klokke* v. *Dodge, supra,* is affirmed.

*Judgment affirmed.*