112  353<br>80a 244<br>112  353<br>106a ²596

## LOUISA S. MESERVE

### *v.*

### HENRY DELANEY.

*Filed at Ottawa November 17, 1884.*

1. DISMISSAL OF APPEAL—*upon failure to prosecute.* An executor appealed from an order of the county court allowing a claim against the estate, to the circuit court, but failed to file any transcript, or to prosecute the appeal, for six years, when the appellee paid the county clerk $2.50, (his fees for making a transcript,) and $6 docket fee, and the circuit court, on motion of the appellee, entered a rule upon the party appealing to pay the former $8.50 "appeal costs" within five days, and on default of such payment, after notice, the court dismissed the appeal. *Held*, the action of the court was proper.

2. MAKING TRANSCRIPT OF RECORD—*fees therefor—right of clerk or justice to demand payment in advance.* A county clerk or justice of the peace is not bound to make a transcript of the record in case of an appeal, without being paid his fees, and it is the duty of the party seeking the appeal to pay them. If the officer, on tender of his fees, refuses to make and certify the transcript, a rule should be taken on him to do so.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. H. O. McDAID, for the appellant.

Mr. JOHN R. PARKER, for the appellee.

23—112 ILL.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is an appeal from the Appellate Court for the First District. The amount involved is the trifling sum of $8.50, but the appeal was granted by that court on a certificate that the case involves a question of such importance, on account of principal and collateral interests, as that it should be passed upon by this court. The question is, whether the circuit court erred in entering this order: "On motion of the appellee, by his attorney, the said appellant is hereby ruled to pay to said appellee $8.50 *appeal costs,* within five days from this date, or in default thereof, suit to be dismissed out of this court."

It appears that more than six years before this order was entered, appellant, Louisa S. Meserve, prayed an appeal from an order of the county court allowing a claim against an estate of which she was executrix. She executed an appeal bond, which was approved by that court. She, however, took no further steps to prosecute the appeal. Appellee, Delaney, procured a transcript of the judgment appealed from, and paid the clerk of the court $2.50,—his fees for making the transcript. He filed it in the circuit court of Cook county, and paid the docket fee of $6, and moved for and obtained the order, a copy of which being served on appellant, and she failing to answer the rule, it was made absolute, and the appeal dismissed.

Numerous objections are urged against the dismissal of this appeal. It is claimed that the court has no power to enter and enforce such a rule; that the appeal bond covers this and all other costs that appellee may recover against appellant, and the court exceeded its power in entering and enforcing the rule. The uniform practice in the circuit courts in the State, it is believed, has been, from the organization of our judicial system, to dismiss appeals for want of prosecution,—nor are we aware that the power has ever before been

questioned. In this case the appeal had been perfected more than six years, and yet appellant had taken no further steps for its prosecution with effect. This undeniably put appellant in default, and authorized the dismissal of the appeal for that reason.

The power of the court to make an order like that in this case, is fully recognized in the cases of *Edwards* v. *Duling*, 36 Ill. 351, and *Garrity* v. *Bash*, 84 id. 73. The power to enter and enforce such an order is established by these cases, and further discussion of that question is unnecessary. After repeated decisions of the same question in the same way, it must be regarded as settled, and there is nothing beneficial to be obtained by its further discussion. The business of the country, the security of rights, and the well being of society, depend largely upon the stability of the laws as interpreted by the courts, and the speedy administration of justice equally demands that the rules of practice shall be uniform, and free from vacillation and constant change. There can be no benefit arising from constantly mooting questions that should be, and the best interests of society require to be, regarded as settled. We therefore decline to go into further discussion of that question, especially as no new arguments have been urged by appellant.

In the case of *Edwards* v. *Duling*, the practice in such a case as this is clearly stated. It is there held that in case appellant fails or refuses to take the necessary steps to have his case docketed, the appellee may; and on doing so, he may have a rule on appellant to refund the docket fee, and failing to do so, the appeal will be dismissed, and that notice of such rule should be served on appellant. Here it is expressly held that a rule may be entered against appellant to show cause why the docket fee advanced by appellee should not be refunded or the appeal dismissed when appellant is served with the rule, and on failing to comply with the rule the appeal should be dismissed. In this case appellant had

failed to take the necessary steps to have her appeal placed
on the docket, for more than six years, and had manifestly
failed to prosecute the appeal with effect, and a rule could
have been entered to show cause why the appeal should not
be dismissed for want of prosecution. But appellee chose to
have this rule entered in preference to the other. Here, the
rule was entered after appellee had paid the docket fee and
the costs of the transcript, the appeal docketed, and the rule
served on appellant. The case comes within the practice
indicated in *Edwards* v. *Duling, supra.*

In the case of *Thayer* v. *Peck,* 93 Ill. 357, the appeal from
the justice of the peace had been perfected by filing bond,
and its approval, but appellant failed to have the papers and
transcript of the justice's docket filed in the clerk's office of
the appellate court, and the cause docketed. Appellee, as he
had a right to do, had the papers and transcript filed, paid
the docket fee, and had the case placed on the docket. He
then gave notice to appellant that he would ask a rule on him
to refund "appeal fees." Appellant failing to appear at the
time fixed, the court entered a rule on him to refund such
fees instanter, and for non-compliance therewith the appeal
was dismissed. Subsequently a motion was made to set aside
this order, but it was refused. It was held, as in the case of
*Edwards* v. *Duling, supra,* that it is the duty of the person
appealing to cause the papers in the case to be filed with the
clerk of the court to which the appeal is prosecuted, and to
advance such fees as are required by the statute to be pre-
paid. Failing to appear and show cause against the entry
of a rule to refund instanter the "appeal fees" advanced by
appellee, the court had the power, in the exercise of a sound
discretion, to dismiss the appeal. It is true, in this latter
case the notice was given before the application was made for
the rule; but whether given before or after the rule is entered,
can not matter, as, in either case, the same reasons can be
shown why the rule should not be made absolute.

We can imagine no possible excuse for delaying in this case, for more than six years, to prosecute the appeal. It was an abandonment of the appeal that was incapable of explanation. But if any valid excuse did exist, it could have been shown in answer to this rule, as it was in the discretion of the court to make it absolute, or vacate it, as justice should require, as .intimated in *Garrity* v. *Bash, supra.*

It is, however, urged, that it is made the duty of the clerk to transmit the appeal bond, transcript and papers in the case to the appellate court within twenty days after the appeal was perfected. This is true. But in case he fails to do so, it becomes the duty of appellant to see that he performs that duty, under his obligation to prosecute his appeal with effect. The clerk or justice is not required to make the transcript without being paid his fees therefor, and it is the duty of appellant to pay them, and if the clerk or justice refuses to make the transcript on being tendered his fees therefor, the appellant may take a rule on the clerk or justice to compel him to perform the duty; or if appellee has paid or tendered the fees, and the clerk or justice fails to transmit the papers, etc., he may compel him to do so by a like rule. But to obtain this rule, he is compelled, under the statute, to docket his case, and before he can have it placed on the docket he must pay the docket fee. He is liable for these fees, and must pay them, if demanded, before he can have the case docketed. When he fails to do so, appellee may pay them, docket the case, and move for a rule that they be refunded or the appeal dismissed.

But it is urged that even admitting appellee in this case was compelled to pay the docket fee before he could obtain a rule to dismiss the appeal for want of prosecution, still he was not required to pay the cost of the transcript. In the cases of *The People* v. *Rockwell,* 2 Scam. 3, and *The People* v. *Harlow,* 29 Ill. 43, it was held that the clerk has the right to demand his fees when the services are rendered. In the

former case it was held that a clerk is not required to deliver a transcript of the record until his fees were paid therefor, and in the latter case it was held a clerk was not required to deliver process until his fees were paid for issuing it. These cases are decisive of this question. It then follows that appellee in this case was justified in paying the fees for the transcript and in demanding them to be refunded to him. If the clerk demanded the fees, appellee was compelled to pay them before he could have the appeal dismissed to which he was entitled. If he paid them voluntarily, he had the right to have them refunded before appellant could be entitled to the benefit of the appeal. He offered appellant the benefit of the appeal upon the condition she would refund the fees, but she declined the offer by refusing to pay them to prevent a dismissal of the appeal. Had she complied with the rule, and paid the amount named in the rule, she could have demanded a trial, and that the case remain on the docket until reached for trial under the practice of the court. In the case of *Garrity* v. *Bash, supra,* it will be observed that the rule required the payment of "appeal fees," which included more than the docket fee, and yet the rule was sustained. We have no doubt that the cost of transcript to get the appeal in the appellate court is as fully within the necessary costs as is the docket fee. The court below therefore committed no error in embracing it in the rule.

Perceiving no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*