THE COUNTY OF GADSDEN, APPELLANT, VS. R. P. GREEN, APPELLEE.

1. Members of the Board of Public Instruction are county agents, whose duties pertain to and are limited by the territory of a county. The laws provide that they shall be paid from the county treasury for their services and expenses on the same basis as the County Commissioners are paid for their services and expenses.

2. The statute which provides for the payment of the members of the Board of Public Instruction, on the same basis as the County Commissioners are paid, is not in conflict with the Constitution of the State.

3. The members of the Board of Public Instruction are entitled to their mileage as well as their per diem pay.

Appeal from the Circuit Court for Gadsden County.

The facts of the case are stated in the opinion.

*John  W.  Malone* for Appellant.

The appellant's demurrer to the appellee's declaration presents for consideration the liability of the county for the mileage of the members of the Board of Public Instruction for said county. If the county is liable for this mileage then the demurrer was properly overruled, otherwise it was not.

The Board of Public Instruction for said county is a corporation created by statute for educational purposes only, and the members thereof are not county officers. McClellan's Digest, 906, sec. 20; ibid 905, sec. 16.

The members of this board are directed to be paid out of the county treasury for their services and expenses on the same basis as the County Commissioners are paid for their services and expenses. McClellan's Digest, 907, sec. 22.

We think that so much of section 22 as directs the members of the Board of Public Instruction to be paid out of the county treasury is unconstitutional.

The Legislature may authorize counties to impose taxes for county purposes only: Constitution of 1868, Art. 12, sec. 6; also for common schools: Ibid, Art. 8, sec. 8; also for the support of its officers and for building court house and jail and keeping same in repair: Ibid, Art. 16, sec. 18, and also for the support of paupers: Ibid, Art. 10, sec. 3.

The Legislature is inhibited from authorizing counties to impose taxes for any other purpose upon the familiar maxim that *expressio unius est exclusio alterius*. 13 Fla. Reps., 687 and 697.

Therefore it can create no liability against a county for any purpose other than that for which it can authorize a tax to be levied.

The law makes a distinction between county taxes raised

**104**          SUPREME COURT.

for the ordinary purposes of paying the expenses of maintaining county government and county school taxes raised for supporting schools. They are deemed distinct funds for distinct objects. 17 Fla., 414. And the tax raised for one purpose cannot be appropriated to another purpose by the Legislature. 17 Fla., 418.

The compensation of the members of the Board of Public Instruction is not a county purpose. 13 Fla. Repts., 688 ; 17 Fla. Repts., 414.

And the County Commissioners have raised no tax to pay the same and cannot authorize it to be paid out of the taxes raised for county purposes.

The Board of Public Instruction of the county is an important part of the common school system and is invested with the entire care, management and control of the common schools and common school property, and the Legislature may have the power to authorize its members to be paid for their services and expenses out of the taxes raised for common school purposes.

This board is the only body that can lawfully know and determine the amounts necessary to be raised by annual tax for the support of schools in the county. 17 Fla. Repts., 414, 416.

Yet it has never included in the itemized estimate or statement of the amount necessary to be raised by annual tax for the support of schools, furnished to the County Commissioners annually, anything for the compensation of its members and no tax has been raised to pay the same.

The County Commissioners have no power to determine the amount of money necessary to be raised for county school taxes, but only for ordinary county purposes other than school taxes. 17 Fla. Repts., 416.

And they have no control over the taxes raised for county school purposes and cannot disburse the same.

Under the authority conferred in the Constitution of 1868 the Legislature authorized the County Commissioners of the several counties to impose for the years 1879 and 1880 a tax for county purposes not to exceed two mills, for the erection of county buildings and bridges not to exceed two mills, and for county school purposes not to exceed two and a half mills. Chap. 3100. And for the years 1881 and 1882 a tax for county purposes not to exceed four mills, for the erection of county buildings and bridges not to exceed two mills, and for county school purposes not less than two and a half nor more than four mills. Chapter 3222.

And for the years 1883 and 1884 a tax for county purposes not to exceed four mills, for the erection of county buildings and bridges not to exceed two mills, and for county school purposes not less than two and a half nor more than four mills. Chapter 3414.

The mileage sued for and sought to be recovered by the appellee was made between the period of beginning, on the 2d day of June, 1880, and ending on the 13th day of August, 1884.

But in the event the said 22d section is held to be valid, then the following questions suggest themselves.

I. Whether the members of the Board of Public Instruction must be paid on the same basis as the County Commissioners were paid at the time said section became a law or at the time the miles were travelled ?

II. What were the County Commissioners paid for their services and expense at the time said section became a law ?

We think it is evident that the Legislature intended that the members of the Board of Public Instruction should be paid such compensation as the County Commissioners were paid at the time said section became a law, and will confine our inquiries to ascertaining what that compensation was.

The County Commissioners, when in actual session, were authorized to vote themselves such pay as they deemed fit, not to exceed two dollars per day.  Thompson's Dig., 126, sec. 2.

This was the law until 1859, when the Legislature, as an additional compensation, authorized them to receive from the County Treasury ten cents per mile going and returning from their place of residence to the place of holding Commissioners Court.  Chapter 1012.

The Constitution of 1868, Art. 16, sec. 4, requires that a certain class of officers, among which County Commissioners are included, shall be paid by fees or per diem, and declares in Art. 15, sec. 1, that laws in conflict with said Constitution are null and void.

This provision of the Constitution restricts the compensation of the County Commissioners to fees or per diem, and thereafter and at the time said section 22 became a law the County Commissioners of Gadsden county were paid a per diem only and no mileage.

The other reasons assigned for error were intended to raise the same questions which are discussed under the first assignment of error, and the same argument will apply to each of them.

*Phil. B. Stockton* for Appellee.

Mr. Justice VanValkenburgh delivered the opinion of the court :

The plaintiff, R. P. Green, was a member of the Board of Public Instruction in and for the county of Gadsden. In September, of the year 1884, he brought his action against said county to recover the sum of one hundred and thirty-four sixty-seventh one-hundreth dollars for mileage, in travelling from his residence to the county site and re-

turn, on business connected with the Board of Public Instruction. The defendant pleaded that it " never was indebted as alleged in the plaintiff's declaration ; " issue was joined and subsequently the defendant demurred to the declaration on the ground " that said declaration does not contain any cause of action, and is insufficient in law to maintain this action." The demurrer was argued in April, 1885, and was overruled by the court, the defendant excepting. The cause was then tried by a jury who found a verdict for the plaintiff for one hundred and nineteen dollars and sixty cents, upon which verdict a judgment was entered. From this judgment the defendant appealed. The only evidence on the trial was a written statement of the facts agreed upon by the several attorneys for the parties, which is as follows :

" Second Judicial Circuit of the State or Florida, Circuit Court, in and for the county of Gadsden, Spring Term, A. D. 1885.

"R. P. Green vs. The County of Gadsden, State of Florida.

"The following facts are hereby admitted to be true in the above stated case by the parties plaintiff and defendant therein. That R. P. Green, the plaintiff in said case, was a duly and legally appointed, qualified and commissioned member of the Board of Public Instruction of the county of Gadsden, State of Florida, from the 4th day of June, A. D. 1880, up to and inclusive of the 13th day of August, A. D. 1884, and as said member of the Board of Public Instruction of said county he did actually travel the number of miles stated in the bill of particulars filed with the declaration in said case, on the days stated in said bill of particulars, from his residence in said county to the town of Quincy, the county site of the said county of Gadsden, to attend duly and legally authorized and appointed meetings of said Board of Public Instruction to be held in said

town of Quincy, and back to his said residence in returning from said meetings of said Board, and that the said plaintiff did actually attend the said meetings; that the said plaintiff has not been paid for the miles so actually traveled; that the said account for mileage was duly presented by said plaintiff to the Board of County Commissioners of said county for approval and they refused to approve the same; that the number of miles so actually traveled at 10 cents per mile aggregated the sum of one hundred and nineteen 60-100 dollars, and that the said plaintiff has been regularly paid the amount of the *per diem* allowed by law for members of the Board of Public Instruction, and that the same was approved and ordered paid by the said Board of County Commissioners; that the mileage claimed by the plaintiff was never included in any itemized estimate or statement presented to said Board of County Commissioners by the Board of Public Instruction of said county, showing the money or amount of money required for the maintenance of the necessary common schools in said county; that the *per diem* paid the plaintiff was not included in any of said itemized statements; that no member of the Board of Public Instruction of said county has ever been paid mileage; that said Commissioners of said county of Gadsden have never levied any tax to pay the mileage or *per diem* of the members of the Board of Public Instruction other than a tax for county purposes generally."

The court charged the jury: "That on the evidence contained in the paper read to you in evidence, which is admitted by both parties to be true, it is your duty to find a verdict for the plaintiff equal to ten cents a mile for each mile actually traveled going and coming as stated in the bill of particulars."

To this charge the defendant excepted.

The defendant's attorney then asked the court to charge the jury as follows: "The cause of action mentioned and set forth in the declaration is not a legal and valid one against the defendant, and the defendant is not liable therefor."

The Judge refused so to charge, and the defendant excepted.

The question which is raised by the errors assigned in this case is, as to whether the county of Gadsden is liable under our laws for the mileage of a member of the Board of Public Instruction. This board of Public Instruction is made by our statute a corporate body and "may acquire and hold real and personal estate, receive bequests and donations and perform other corporate acts for educational purposes." McClellan's Digest, 906, §20. They are not "officers, in the meaning and intent of the Constitution." McClellan's Digest, 906, §16. It is further provided by the same act (Chap. 1686, Laws 1860; McClellan's Digest, 907, §22) that the "members of the Board shall be paid from the county treasury, for their services and expenses, on the same basis as the County Commissioners are paid for their services and expenses."

Counsel for the appellant insists that so much of this section as provides that the members of this Board shall be paid from the county treasury is unconstitutional, and cites Art. 12, sec. 6; Art. 8, sec. 8; Art. 16, sec. 18; Art. 10, sec. 3, in support of his proposition.

Art. 8, sec. 8, so far as it applies to this question, provides that "each county shall be required to raise annually, by tax, for the support of common schools therein, a sum not less than one-half of the amount apportioned to each county for that year from the income of the Common School Fund." Article 12, sec 6, provides that the "Legislature shall authorize the several counties and incorporated towns

in the State to impose taxes for county and corporation pur-
poses," &c.   Article 10, section 3, provides that the re-
spective counties shall provide in a manner fixed by law
for those who, by reason of age, &c., may have claims
upon the aid and sympathy of society.   Section 18, of Ar-
ticle 16, provides that " each county and incorporated city
shall make provision for the support of its own officers,
subject to such regulations as may be provided by law."

In the opinion of this court to the Governor of this
State, rendered in June, 1870, found in 13 Fla., 687, Chief
Justice Randall says : " I conclude that a county officer is
one which is usually provided in the organization of coun-
ties and county governments, whose duties pertain and are
limited to the territory of a county and to the local and do-
mestic concerns before mentioned."   As to the question,
what class of expenses is required by the Constitution to be
paid by counties ?. he answers: " County purposes neces-
sarily include what is intended by the phrase, ' the sup-
port of its own officers,' and the building of a court house
and jail.   The term county purposes also embraces the pay-
ment of the legitimate indebtedness of the counties, the
construction of roads and bridges and public works of com-
mon necessity and convenience, the expenses of various ser-
vants and agents of the counties in the management of
county affairs, the maintaining of the internal police and
good order of the community, public schools, and such
other matters of public concern as may peculiarly affect the
people of the county in their property and local interests,
and may be provided by the Legislature within the scope
of its authority."

Mr. Justice Westcott, in his advisory opinion of the same
date, upon the same subject, says : " I concur in the con-
clusions reached by Chief-Justice Randall, as to who are
county officers."   Again, he says : "As to the second ques-

tion, what is meant by the terms ' make provision for the support' of the officer? The support of an officer is derived from the emoluments of the office, and these emoluments, under the Constitution, consist of fees or *per diem*. The result is, therefore, that the counties shall make provision for the fees or *per diem* of these officers. What class of expenses are *required by the Constitution* to be paid by the counties is the next question. As a matter of course, they must pay the fees or *per diem* of officers alluded to. In addition, whenever the Constitution imposes a duty upon a county then the county must be at the expense of discharging that duty both in the matter of the fees or *per diem* of such officers as may be created by law to perform that duty, as well as other expenses incident to the discharge of that duty."

Mr. Justice Hart substantially agrees with the opinions as expressed by C. J. Randall and Mr. Justice Westcott, and thus we have the deliberate opinion of the court upon this question. Their summing up is, that county officers are those whose authority and jurisdiction are confined within the limits of the county for which they are appointed. That the support of an officer is derived from the emoluments of his office which consist of fees or *per diem*. Each county must pay the fees or *per diem* provided by law for its officers. That wherever the Constitution imposes a duty upon a county, the county must pay the compensation of all officers employed in the discharge of those duties, as well as all expenses incident thereto. The members of the Board of Public Instruction are, then, county agents, if not county officers, within the intent and meaning of the Constitution. The statute provides that they shall be paid from the county treasury for their services and expenses on the same basis as the County Commissioners are paid for their services and expenses. McClellan's Digest, 907, sec. 22. By the statute the County Commissioners are paid

two dollars a day for each day's service, and ten cents a mile for each mile traveled in going to and from the court house, provided that their *per diem* shall not exceed fifty dollars per annum. McClellan's Digest, 316, sec. 3. The power to declare a statute void on the ground that it is in conflict with the Constitution, is one of the highest possessed by any judicial tribunal, and is to be exercised with the utmost care. Any doubt in the mind of the court as to its validity must be resolved in favor of the statute. Any party who assails a statute upon that ground must show a clear and pronounced violation of the Constitution. In exercising such power, the courts overthrow the judgment of the Legislature that enacted the statute, and of the Chief Executive who approved it, all of whom, equally with the judges of the courts, have taken an oath to support it, and, therefore, they should assert such power only in very clear cases. Robinson vs. Schenck, 102 Ind., 307. We, therefore, think that the statute which provides for the payment of the members of the Board of Public Instruction on the same basis as the County Commissioners are paid, is not in conflict with the Constitution.

It is made the duty of the Board of Public Instruction in each county, " to prepare, on or before the last Monday in June of each year, an itemized statement showing the amount of money required for the maintenance of the necessary common schools of their county for the next ensuing scholastic year, and shall deliver an official copy of the same to the assessor of taxes on or before the first Monday in July following," &c. They are further directed to perform all acts reasonable and necessary for the promotion of the educational interests of the county, and the general diffusion of knowlege among the citizens. It is admitted that the mileage claimed for plaintiff was never included in any such " itemized statement presented to said *Board*

*of County Commissioners,*" the statute requiring it to be delivered to the assessor of taxes, such assessor to compute, and the collector to collect, such amount in like manner as other taxes are computed and collected. This, however, makes little difference, as the Members of the Board of Public Instruction are to be paid for their services and expenses from the County Treasury, and not from the school fund.

The evident intention of the Legislature was that the members of the Board of Public Instruction should be paid for their services and expenses the same amount and upon the same basis that the County Commissioners were paid at the time of the enactment of the statute. It appears from the argument of the counsel, and the statement of facts, signed by the respective attorneys, that the plaintiff was a duly appointed member of the Board of Public Instruction of the county of Gadsden from the fourth day of June, A. D. 1880, up to and inclusive of the 13th day of August, A. D. 1884, being four years, two months and nine days. The statement so signed by counsel, however, fixes the number of miles actually travelled, and the amount of such mileage.

The law of 1845, (Thompson's Digest, 126, §2,) provides that County Commissioners, when in actual session, for the purpose of transacting business pertaining to their office, shall be entitled to vote themselves such pay as they may deem fit, not to exceed, however, two dollars per day, to be paid out of the County Treasury. In 1859 another law, chap. 1012, was passed by the Legislature, which provides an additional compensation of ten cents per mile going to and returning from their places of residence to the court house or place of holding Commissioners Court. These acts were in force when section 22, act of 1869, became a

8

law, which provides that the Board of Public Instruction should be paid for their services and expenses on the same basis as the County Commissioners are paid. We are of the opinion, therefore, that the members of the Board of Public Instruction are entitled to the mileage as well as the *per diem*. Kinsey vs. Sherman, 46 Iowa, 463.

The judgment is affirmed.