## C. H. Layman v. George W. Detharding, Adm'r.

1. STATUTES—*Authority for Making Amendments in Justice's Court, Under Sec. 38, Ch. 79, R. S.*—The authority for making amendments in a justice's court under Sec. 38, Ch. 79, R. S., which provides that the justice may at the request of either party at any time before trial permit the summons and other papers to be amended so as to make the same conform to the true names of plaintiff and defendant, is limited to the true names of the parties at the time of the commencement of the suit, and not to any change of parties or change of legal rights or liabilities that may afterward intervene.

2. WAIVER—*Of Error in Ruling of Trial Court by Not Objecting.*— Where rulings of the trial court are not objected to, any error in them is waived.

3. INTEREST—*On Note, Accruing After Commencement of Trial, Allowable.*—It is not error to include in the judgment, interest on a note accruing after the commencement of the trial.

Assumpsit, on a promissory note. Appeal from the County Court of Franklin County; the Hon. W. H. HART, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

C. C. PAYNE, attorney for appellant.

A. C. TERHUNE, attorney for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

The suit in which this appeal was taken was brought by

Layman v. Detharding.

Jane Fitts in her lifetime against appellant in a justice's
court of Franklin county, to recover upon a promissory
note executed by appellant to deceased.

The amount of the claim indorsed on the summons was
$115.   Judgment was rendered in that court against appel-
lant for $114.95 and costs.   On the docket of the justice
appears the following:   "For value received I hereby assign
the above judgment to A. C. Terhune."   Signed "Jane
Fitts, by O. S. Shinn, her agent."

In the meantime, before the case was tried, Jane Fitts
died intestate, and appellee was appointed administrator of
her estate, and on the suggestion of her death to the court
and on filing a certified copy of his letters of administration
appellee was substituted as plaintiff in the case.

It being shown to the court before the trial that appellant
had not paid the docket fee in the case, and that appellee
had paid it, a rule was entered against appellant to refund
the money to appellee, which was done without objection
or exception by appellant.

A jury was waived, and a trial by the court resulted in a
judgment against appellant for $118.10, and the defendant
in the case brings it here and assigns on the record the fol-
lowing errors:

"1st.   It was error in the court to allow the administrator
to be substituted as plaintiff.

"2d.   In entering a rule on defendant to refund a docket
fee of $4 to plaintiff, when there was no evidence before the
court to show that plaintiff had advanced or paid the same,
because no such fee is allowed by law.

"3d.   In rendering judgment for $118.10, when the
demand on summons was only $115.

"4th.   In rendering judgment in favor of Jane Fitts, or
her administrator, when the transcript of the justice's judg-
ment showed that it had been assigned to A. C. Terhune.

"5th.   In assessing plaintiff's damages at more than was
proven.

"6th.   In rendering judgment against defendant.

"7th.   In overruling defendant's motion for a new trial.

"8th.   In overruling defendant's motion in arrest of
judgment."

As to the first assignment of error, it is perhaps but just

to counsel to give the principal portion of his argument to sustain his contention, which is as follows:

" We insist that this case, after it was appealed to the County Court, continued to be in the same condition and governed by the same rules of practice as it was or would have been had the trial been before the justice. The only authority for making amendments in justice's court are found in section 38, chapter 79, Starr & Curtis' Statute, which provides that the justice may, at the request of either party at any time before trial, permit the summons and other papers to be amended so as to make the same conform to the true names of plaintiff and defendant. This authority is limited to the true *names* of the parties at the time of the commencement of the suit, and not to any change of parties or change of legal rights or liabilities that may afterward intervene."

In view of the fact that Jane Fitts' death was suggested to the court, and a certified copy of the letters of administration of her estate to appellee was introduced in evidence, and that section 10 of chapter 1 of the Revised Statutes has always been supposed to embrace all cases like this, and in view of the remaining portion of counsel's printed argument on this point (which we think it might not be just to him to quote), we are not able to escape the conclusion that the error was not assigned in good faith, and hence we dismiss it without further comment.

The second error may be disposed of by saying that no objection or exception was taken by appellant to the rule on him to refund to appellee the docket fee that appellant should have paid to get the benefit of his appeal. Appellant paid over the money without objection or protest; had he not done so doubtless his appeal would have been summarily dismissed, as it should have been. Edwards v. Duling, 36 Ill. 351; Garrity v. Bash, 84 Ill. 73; Meserve v. Delaney, 105 Ill. 53; Meserve v. Delaney, 112 Ill. 353.

As to the third error, it is true the amount of plaintiff's claim indorsed on the summons was $115, while the judgment of the County Court was for $118.10. The difference between the sums was the interest that accrued on the note after the commencement of the suit, and if it was

error to give judgment for it, appellant alone is responsible for the error, and therefore can not complain. But it was not error. Dowling v. Stewart et al., 3 Scammon, 193; Welch v. Karstens, 60 Ill. 117.

In regard to the fourth error, the transcript of the judgment of the justice does not show that the person who purported to assign the judgment as the agent of deceased had any authority to assign it, and besides, whether the judgment was properly assigned or not does not concern appellant.

There is nothing of more merit in the remaining errors than in those we have passed upon.

Appellant does not even pretend that he does not owe the debt, and his claimed errors seem frivolous to be urged in a case so free from error as the record in this case is, for there is no error whatever in it, and the judgment is affirmed.