Dille v. Rice.

## Jesse B. Dille v. F. E. Rice.

### Gen. No. 4,459.

1. RULES—*power of courts of record to make and enforce.* Courts of record have inherent power to make and enforce all reasonable and necessary rules for the transaction and regulation of their business; such rules, however, must not be contrary to the constitution and laws of the State.

2. DISMISSAL—*when improper.* The dismissal of an appeal from a justice of the peace because of the failure of the appellant to pay a fee required by rule of court, but not authorized by law, is improper and may be set aside on appeal.

3. DOCKET FEE—*when not chargeable by clerk of County Court.* There is no statute in this State which authorizes the charge by the clerk of the County Court of a fee of $4 for docketing an appeal from a justice of the peace, and a rule of court which requires the payment of such a fee is contrary to law and void.

Motion to reinstate. Appeal from the County Court of Lee County; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed April 25, 1905.

H. A. BROOKS, for appellant.

E. E. WINGERT, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

F. E. Rice brought suit before a justice of the peace against Jesse B. Dille and others; Dille appealed to the County Court; the clerk of the County Court placed the case on the docket, and thereupon appellee made a motion to dismiss the appeal for a failure of appellant to pay $4 docket fee before noon of the first day of the term.

On December 30, 1903, the County Court of Lee County made the following rule of court, relating to the payment of docket fees in cases appealed from justices of the peace:

"All appeal cases shall be docketed by the clerk as received and appellant shall pay to the clerk the docket fee of four dollars. In case said fee shall not be paid on or before 12 o'clock noon of the first day of the term following the filing of such appeal, the same shall be dismissed for

want of prosecution with *procedendo*, upon payment of fee therefor. It is further ordered that the above rule ' A ' take effect and be in operation from and after this date, and that the clerk enter the same at large upon the record of the Court, and within fifteen days from this date mail to all attorneys at law resident within Lee County a copy of said rule."

After the order of dismissal was entered, and during the same term of court, appellant entered his motion to set aside the order of dismissal, and filed an affidavit showing he had a meritorious defense to plaintiff's claim. The motion was denied, and appellant excepted, and brings the record here by appeal, assigning error in the rulings of the court in dismissing the appeal and in refusing to set aside the order.

The power of the County Court to make and enforce the rule above set out is the only question presented for decision. All courts of record have the inherent power to make all reasonable and necessary rules for the transaction and regulation of their business. Am. & Eng. Ency., Vol. 4, p. 450, and cases there cited. Such rules must, however, not be contrary to the constitution and laws of the State. Fisher v. National Bank of Commerce, 73 Ill. 34.

Sec. 29, art. 6 of our constitution of 1870 provides : " All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, *  *  * shall be uniform." All matters regulated by statute cannot be changed by a rule of court, since to permit rules of court to take the place of a statute would be to destroy the uniformity of practice and proceedings enjoined by the constitutional provision above cited. Fisher v. National Bank, *supra.*

By an act of the legislature, passed in 1872, relating to fees and salaries, and classifying the several counties of the State into three classes, the fees of clerks of the Circuit Courts in counties of the first and second classes were fixed by section 14 *seriatim* for each service to be performed. Section 18 of the same act made similar provisions for the

clerks of the County Courts, with the following proviso: "Provided, however, that whenever the county clerk shall be required to perform similar service to those required of the circuit clerks, and no fee is specially provided for such service, they shall be allowed for such services the same fees as herein allowed to circuit clerks." As long as section 14 remained in the statute as originally enacted, the fees therein fixed for the circuit clerk applied to the county clerk, where similar services were required and no special fee was fixed therefor by law. In 1899 the whole of section 14 as it had stood theretofore was repealed, and a new section was enacted, providing an entirely new scheme for taxing the fees of the circuit clerk. By the law of 1899, the circuit clerk is allowed a specific sum in each case, which in appeals from justices of the peace to the Circuit Court is $4, which, together with $1 to be paid by appellee for entering his appearance, is in full of all service during the progress of the suit to the final determination thereof. See Laws 1899, p. 217.

While it is not expressly so provided in the law of 1899, the implication seems to be that the fees therein provided are to be paid in the first instance by the plaintiff, complainant, petitioner or appellant, as the case may be, in advance; at least such is the practice generally in the State so far as we are acquainted with it.

It is suggested that under the proviso of section 18, above set out, the County Court had the power to make the rule in question. This cannot be true, for the following reasons: The proviso in section 18 only authorizes a substitution of the fees allowed to the circuit clerk, in cases where like services are required and no special provision is made for the fees. All, or substantially all, of the services required of a clerk of a County Court in the progress of an ordinary appeal from a justice of the peace are specifically provided for in section 18 as it is now, and has been since it was originally enacted in 1872. For instance, a special fee is fixed for issuing summons, subpœna or other process, for administering oath to each witness, for swearing persons to

affidavits and filing same, for entering judgment, for issuing execution, for docketing the same, for making bill of costs, for filing each paper in the suit, for taking bond, filing and recording the same, and for calling and swearing each jury. The $4 fee, allowed the circuit clerk in appeal cases, is in lieu of allowances somewhat similar to these by section 14 as it stood before the amendatory act of 1899. Certainly it cannot be held that the amendatory act of 1899 repealed by implication these several clauses of section 18. No such intention can be gathered from the act itself, and it cannot be said that the fees provided in the new act for the clerk of one court are so inconsistent with those provided for a clerk of another court, that both may not stand. If $4 is demanded of the appellant and $1 from appellee, what services are to be covered thereby? Not those above enumerated, for as we have already pointed out, they are specially provided for in section 18.

Again, the language of the proviso is peculiar and requires a close scrutiny. It is to be noted it provides that when the county clerk is required to perform similar services to those required of the circuit clerk and no fee is specially provided for such service, the county clerk shall be allowed for such services the same fees as are herein allowed to circuit clerks. The word "herein" evidently refers to the law of 1872, where it first occurred. If the proviso read, "such fees as now are, or may hereafter, be provided by law for circuit clerks for like services," it would have an entirely different meaning; but since the county clerks are only to be allowed such fees for unprovided-for services as are herein (by this law) provided for circuit clerks, we know of no rule of construction that would make the proviso apply to an entirely different scheme of fees provided by another law enacted years afterward.

If the clerk of the County Court may collect the $4 fee in appeal cases, he may, with like reason, collect $6 in all common law cases in counties of the first and $5 in counties of the second class, and $16 or $20 in proceedings to exercise the right of eminent domain according to the class of the county.

Dille v. Rice.

In our opinion, it would be nothing short of judicial legislation to hold that the proviso now under consideration had the effect of making the law of 1899 applicable to clerks of the County Court.

A question somewhat analogous to this arose in Kinsey v. Sherman, 46 Iowa, 463. The statute of Iowa provided that the clerk of the additional penitentiary at Anamosa should receive pay in the sum and manner as the clerk at Fort Madison. At this time the salary of the clerk of the penitentiary at Fort Madison was $62.50. Subsequently the legislature enacted chapter 76, making an increase of $500 per annum in the clerk's salary at Fort Madison. The Supreme Court held the increase did not apply to the clerk at Anamosa. Another case very similar to the one at bar is Johnston v. Lovett, 65 Ga. 716. In 1876 the legislature established a court for the county of Burke with a solicitor whose fees were to be the same as those allowed the solicitor-general for like services. In 1879 the legislature increased the fees of the solicitor-general, allowing the additional sum of $5 for each trial or plea of guilty filed in a criminal case, and under this state of facts the solicitor of Burke County was held not entitled to this increase of fees. See, also, Meachem's Public Officers, sec. 857.

That there is no reason for the discrimination between clerks of the two courts, in the amount or manner of compensation for the same or similar services, is an argument to be addressed to the law-making power, and not to the courts, whose duty is, not to make the law, but to ascertain and declare it as made by the legislative branch of the government.

This case is unlike the line of cases of which Edwards v. Duling, 36 Ill. 351, Garrity v. Bash, 84 Id. 73, and Meserve v. Delaney, 112 Id. 353, are illustrations. In these cases the appeal was dismissed for non-payment of statutory fees, after a rule had been entered on appellant to repay them.

In Edwards v. Duling, *supra*, the statute required (Ses-

sion Laws 1863, p. 49) the payment of $1 as a docket fee, and provided that no suit at law or in chancery should be docketed until the fee was paid. The appellant having perfected an appeal, but neglected to have it docketed, the appellee paid the docket fee and took a rule on appellant to repay the same; and it is held that the appellant having failed to repay the fee, or show cause against the rule, it was proper to dismiss the appeal for want of prosecution.

Garrity v. Bash, *supra*, is a case in all respects like Edwards v. Duling, and the holding in the former case is adhered to.

In Meserve v. Delaney, *supra*, the former decisions are reviewed and affirmed, so that the power of a court to dismiss an appeal for a refusal to pay such legal fees as by law the appellant is required to pay, after the same have been paid by the appellee and a rule entered on appellant to repay the same, or show cause against the rule, may be regarded as firmly established as a rule of practice in this State. See cases above cited.

But in all these cases it is to be noted that the fees, for the non-payment of which the appeals were dismissed, were the fees allowed by law, and not such a sum as the court by rule had established.

The case at bar is, in many respects, like the case of City of Pekin v. Dunkelburg, 40 App. 184. There the court dismissed the appeal for the non-payment of $3 as a docket fee fixed by rule of court; and the case was reversed for the reason the court had no power to fix fees.

Fees of public officers must be established by law, and where the law provides for the performance of a public duty by an officer and no fees are provided, the service must, nevertheless, be performed, since all public offices are accepted *cum onere*.

There being no law requiring the payment of the $4 as a docket fee, the court had no power to make the rule in question. It follows that the court erred in dismissing the appeal and in refusing to reinstate the cause; for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*