Percy Newby, Appellee, v. Martin Yellin, Appellant.

Gen. No. 8,135.

Opinion filed May 22, 1930.

LESTER JAMES GALVIN, for appellant; FRANK G. PLAIN and JOHN G. PLAIN, of counsel.

CHARLES A. DARLING, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Percy Newby recovered a judgment for $100 against Martin Yellin before a justice of the peace on June 20, 1928. On June 30, 1928, Yellin filed an appeal bond in the office of the clerk of the city court of Aurora, and paid the clerk the sum of $5 as the fee for filing and docketing the case in that court. Thereupon the bond was approved and the cause docketed. Yellin did not within 20 days after the judgment was entered by the justice of the peace pay the fee provided by law for the transcript of the record, and has never paid it to the clerk or to the justice, and has never procured or filed in the office of the clerk of the city court any such transcript.

On December 5, 1928, Newby paid for and obtained from the justice of the peace a transcript of the record.

On April 25, 1929, a stipulation embodying the above facts was filed and on the same day Newby filed a motion to dismiss the appeal. An order dismissing the appeal was entered on April 30, 1929, and this appeal is prosecuted to reverse that order.

The question arising on the record is whether or not an appellant is required to pay the cost of a transcript within 20 days from the rendition of a judgment by a justice of the peace, in order to perfect an appeal. Section 14 of the Fees and Salaries Act (¶ 27, ch. 53, Cahill's 1929 Rev. Stat.) provides for the advance payment of an appeal fee of $5 in each case of an appeal from or petition for a writ of certiorari to a justice of the peace. By section 40 of the same act it is provided that justices of the peace shall be entitled to collect a fee of $1 for each transcript. Section 1, Art. X, ch. 79, Cahill's Rev. Stat., as amended July 1, 1919, provides that, ''The party praying for an appeal shall, within 20 days from the rendition of the judgment, pay the fee provided by law for the filing of such appeal and enter into bond with security to be approved, and . . . The justice shall, within 20 days after the filing of the bond with him and the payment of the appeal fee, or the service upon him of the supersedeas, deliver to the clerk of the court to which the appeal is taken, all the papers in the case and a transcript of his docket in the case.'' The requirement that the appeal fee be paid within the time prescribed is mandatory, whether the appeal bond be filed with the justice of the peace or in the court to which the appeal is taken.

Notwithstanding the language of the statute, it is well settled that a justice of the peace is not required to make or deliver a transcript until his fees therefor are paid. (*People v. Rockwell*, 2 Scam. 3; *People v. Harlow*, 29 Ill. 43; *Meserve v. Delaney*, 112 Ill. 353.) The only substantial change in the statute relating to appeals made since those cases were decided is the amendment of 1919. It was the duty of appellant to

prepay the appeal fee and the transcript fee before the amendment was enacted. (*Garrity v. Bash,* 84 Ill. 73; *Edwards v. Duling,* 36 Ill. 351; *Meserve v. Delaney, supra.*) If he failed in that duty, the appellee could pay the fees and the cause was then for trial or the appeal would be dismissed upon a failure to refund under a rule to do so. The amendment did not add anything to the duties of appellant, but its effect is to enforce the duty of paying the appeal fee by an appellant as a condition precedent to any further step in taking such an appeal.

Prior to that amendment the appeal fee and the transcript fee might be paid by the appellee, if the appellant failed to pay them, and upon a failure of the appellant to comply with a rule to refund such costs, the appeal would be dismissed. (*Garrity v. Bash, supra; Edwards v. Duling, supra; Meserve v. Delaney, supra.*) But the court had no power to dismiss an appeal for failure to pay such costs without first entering such a rule. (*Edwards v. Duling, supra.*) Since the amendment the appeal bond must be filed and the appeal fee paid by the appellant within 20 days of the rendition of the judgment. Unless both of those duties are performed by the appellant within the statutory 20 days, the appeal is not perfected. (*Berkel v. Schmitt,* 244 Ill. App. 437; *Conklin v. Tobey,* 224 Ill. App. 142; *Malzahn v. Gronwald,* 240 Ill. App. 349.) The right to appeal is strictly statutory, and a party to avail himself of that right must conform to the conditions prescribed by the statute. The fee required by statute to be paid is by express terms "the fee for the filing of such appeal." That fee is fixed by statute at $5. It is the only fee which the letter of the statute requires to be prepaid within 20 days from the rendition of the judgment. The question then arises whether or not the transcript fee is by necessary implication embraced within the terms of the statute requiring the appeal fee to be paid by an appellant within the twenty day period.

In *Meserve v. Delaney, supra,* it was held that under a rule to refund "appeal costs," an appellant must refund the transcript fee as well as the docket fee, both of which had been advanced by the appellee after the appellant had filed her appeal bond and done nothing further. It is said on page 358 of the opinion: "We have no doubt that the cost of the transcript to get the appeal in the Appellate Court is as fully within the necessary costs as is the docket fee." Under a like situation in *Garrity v. Bash, supra,* the money advanced by the appellee was denominated "appeal fees" and the same rule was applied. But it is to be observed that in each case the court was applying the rule only to the necessity of refunding all fees advanced by an appellee.

The amendment of 1919 is a remedial statute. (*Conklin v. Tobey, supra.*) A remedial statute must be construed liberally so as to afford all relief within the power of the court which the language of the act indicates that the legislature intended to grant (25 R. C. L. Statutes, sec. 299; *Deere v. Chapman,* 25 Ill. 610; *Chicago, B. & Q. R. Co. v. Dunn,* 52 Ill. 260; *McNulta v. Lockridge,* 137 Ill. 270), without departing, however, from the plain and obvious meaning of the language used. (*Deere v. Chapman, supra.*)

Courts cannot read into the statute something that is not within the manifest intention of the lawmaking body as gathered by the statute itself, for to depart from the meaning expressed by the words is to alter the statute, and is to legislate rather than to interpret. In the construction of a statute the intention of the legislature must primarily be determined from the language of the statute itself and not from conjectures *aliunde.* (*Sup v. Cervenka,* 331 Ill. 459.) Statutes should be read and understood according to the natural and most obvious import of the language used, without resort to subtle or forced constructions for the purpose of limiting or extending their operation. (*People*

*v. Shader,* 326 Ill. 145.) The office of the courts is to interpret the language used by the legislature in a statute where it requires interpretation, and to declare and enforce the law as enacted, and they cannot annex new provisions to a statute or substitute different ones. (*People v. Barnett,* 319 Ill. 403.)

The plain and obvious meaning of the language used by the legislature is the safest guide to follow in construing any act. The language of the statute now under consideration is not ambiguous nor uncertain. Under its plain provisions, when a party desiring to take an appeal from a judgment rendered by a justice of the peace files his bond and pays the statutory appeal fee of $5 within 20 days of the rendition of the judgment, he has done all that the statute requires of him to remove the cause from the jurisdiction of the justice of the peace. If he does not perfect the appeal and the other party desires to do so, he can pay the transcript fee and file the transcript.

The transcript fee is not a part of the statutory appeal fee required to be paid within 20 days from the rendition of a judgment in justice court by a party taking an appeal. The statute does not require it to be paid within that time. The justice is given 20 days after the filing of the bond and the payment of the appeal fee, or the service upon him of a supersedeas, to file the transcript and the papers in the suit. Neither the filing of the transcript and papers nor the payment of the fee for making the transcript is made a condition precedent to the right of appeal. It was error to dismiss the appeal from the justice of the peace until the appellant was in default under a rule on him to refund the transcript fee paid by appellee. (*Edwards v. Duling, supra.*) The order dismissing the appeal is reversed and the cause remanded.

*Reversed and remanded.*