Judgment reversed.

---

DANIEL DAVIS

v.

CITY OF JOLIET.

1. APPEAL FROM JUSTICE OF THE PEACE—JUDGMENT CONFESSED.—The statute as to appeals from judgments of justices of the peace to the circuit court is to be construed in a technical sense, and in a confession of judgment before a justice of the peace, that will preclude the party from appealing, the amount as well as the fact of indebtedness should be acknowledged.

2. SAME.—Where the defendant pleaded guilty to the charge of violating an ordinance of a city, for which offense the ordinance imposed a fine of not

less than $25 and not exceeding $100, and the justice of the peace fined him $100 and costs of suit. *Held*, that an appeal will lie from such judgment.

ERROR to the Circuit Court of Will county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed January 16, 1885.

The city instituted proceedings before a justice of the peace to recover of the defendant a penalty for the violation of the ordinances of the city in selling liquor without a license. For the offense alleged, the ordinance imposed a fine of not less than $25 nor exceeding $100.

Upon being brought before the justice, he pleaded guilty to the charge, and the magistrate fined him $100 and costs of the suit. He thereupon appealed the cause to the Circuit Court of Will county, where, upon motion of the city, his appeal was dismissed upon the ground that he had confessed judgment before the justice. He removed the cause into this court by writ of error, and assigns for error the action of the court below in dismissing his appeal.

Messrs. HALEY & O'DONNELL and Mr. E. MEERS, for plaintiff in error; cited Russell v. Lillja, 90 Ill. 327; Reiman v. Ater, 88 Ill. 300; Elliott v. Daiber, 42 Ill. 467.

Messrs. SNAPP & BRECKENRIDGE, for defendant in error; cited R. S. 1881, Ch. 79, § 62.

The act of the defendant in the police court was a confession of judgment: Boettcher v. Bock, 74 Ill. 332; Bliss v. Harris, 70 Ill. 343.

PILLSBURY, J. The only question arising upon this record is, whether the plaintiff in error, by pleading guilty to the charge of violating the ordinance of the city, precluded himself from appealing from the judgment rendered against him by the justice.

Our statutes, Sec. 62, Ch. 79, provide that appeals from judgments of justices of the peace to the circuit court, shall be granted in all cases, except on judgment confessed.

The case of Elliott v. Daiber, 42 Ill. 407, originated before

a justice of the peace, and the defendant, when arrested and brought before the justice, upon a capias, said he could not deny the plaintiff's demand, and making no defense, the justice rendered judgment against him for $99.80, the amount claimed.

The defendant took an appeal from this judgment to the circuit court. A motion was made to dismiss the appeal upon the ground that it would not lie, it being contended in that case by the plaintiff, as in this, that it was a judgment confessed, and being such the defendant could not have the case tried *de novo* in that court. In deciding it, our Supreme Court uses this language: "Our statute provides that appeals from judgments of justices of the peace to the circuit court shall be granted in all cases, except on judgment confessed. *This is technical.* To say, by a party sued, that he can not deny the demand, is in no sense a confession of judgment. Such a declaration confers no authority upon the justice to enter a judgment of confession as this justice understood, for he did not enter upon his docket that the defendant confessed judgment. He found against the defendant the amount claimed, because he would not deny the demand, thereby admitting the demand to be just, but making no confession of judgment. It does not follow because a defendant says he can not deny the plaintiff's demand that he is the plaintiff's debtor. The defendant may have claims of set-off, which he may not choose to litigate before the justice, but be willing that the justice should find against him, so that he may take an appeal to another court, and there litigate. By construing his declaration that he could not deny the plaintiff's demand as a confession of judgment, the right of appeal would be taken away and the party injured. Here there was no confession, nor anything equivalent to it. It was error, therefore, to dismiss the appeal."

In that case the plaintiff claimed a certain amount to be due, and the defendant could not deny the justice of the claim and so stated, and yet it is held that there was nothing equivalent to a confession.

In the case at bar, the plaintiff did not claim any specific

sum. due it for the violation of its laws. Its demand was for a sum not less than $25 nor exceeding $100. The admission of the defendant that he had violated the ordinance, in the absence of any defense by him before the justice, may be said to be an acknowledgment that he was indebted to the city under the ordinances, but it can scarcely be claimed that he confessed that the amount was the extreme penalty that the justice was authorized to inflict.

The ordinance provides for a maximum and minimum penalty, leaving the justice to determine the amount between those prescribed according to the character of the case made, and the defendant may be willing to admit a technical violation and reserve the right only to contest the evidence relied upon to show that the offense was of that character that justice demanded the imposition of the highest penalty.

Or as was said in Elliott v. Daiber, *supra*, he may have a set-off against the city, which he did not choose to litigate before the justice.

Under the rule stated in City of Springfield v. Hickox, 2 Gilm. 241, he could rely upon a proper claim as a set-off in this case.

As the Supreme Court holds that the statute is to be construed in a technical sense, we are of the opinion that in a confession of judgment before a justice of the peace, that will preclude the party from appealing, the amount, as well as the fact of the indebtedness should be acknowledged.

For these reasons we are of the opinion that the appeal from the justice will lie, and that the court erred in dismissing it.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.