## Charles R. Conklin, Appellee, v. Wales P. Tobey, Appellant.

### Gen. No. 7,009.

1. STATUTES—*what is primary object of construing statute.* It is the intention of the lawmakers that makes the law and the primary object of construing a statute is to ascertain and give effect to the true, intent and meaning of the legislature in enacting it.

2. STATUTES—*what to be considered for purpose of giving effect to legislative intent.* For the purpose of giving effect to the intention of the lawmakers, it is proper to consider the occasion and necessity for the law, the previous condition of the law, and the defects, if any, in such former law which were intended to be cured or remedied by the later enactment.

3. APPEAL AND ERROR—*right to appeal as dependent on conformity to statutory conditions.* The legislature may determine the conditions on which appeals shall be taken and, after a method has been provided, a party, to avail himself of the right to appeal, must conform to the conditions prescribed by the statute.

4. JUSTICES OF THE PEACE—*payment of fee within 20 days after judgment as requisite to appeal.* Under section 1, art. 10, ch. 79 of the statute, relative to appeals from justices of the peace as amended in 1919 (Cahill's Ill. St. ch. 79, ¶ 116), the payment of the fee provided for within 20 days after the rendition of judgment is one of the requisites to an appeal, and when it is not so paid the appeal should be dismissed.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 23, 1922.

GRANGER & NOURIE, for appellant.

J. HARVEY ROBILLARD, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Charles R. Conklin, began a suit in attachment before a justice of the peace against appellant, Wales P. Tobey. On February 24, 1920, judgment was rendered against appellant and from that judgment

appellant attempted to appeal to the circuit court of Kankakee county. On March 10, 1920, an appeal bond was filed with the justice and approved. On March 11, 1920, a transcript of the proceedings before the justice was filed in the office of the circuit clerk. No fees were paid either to the justice or the circuit clerk until May 8, 1920, and on that date the fee was paid to the circuit clerk. On October 5, 1920, appellee moved to dismiss the appeal upon the ground that the fee was not paid within the time provided by statute. On August 6, 1921, the motion to dismiss was allowed. The appeal was dismissed and from that judgment this appeal was prosecuted.

Prior to July 1, 1919, section 1, art. 10, ch. 79, of the statute, relative to appeals from judgments of justices of the peace, provided that the party praying for an appeal should, within 20 days from the rendition of the judgment from which he desires to take an appeal, enter into bond with security to be approved and conditioned as therein provided. On July 1, 1919, this paragraph was amended to read as follows: "The party praying for an appeal shall, within twenty days from the rendition of the judgment, pay the fee provided by law for the filing of such appeal, and enter into a bond with security to be approved and conditioned as" therein provided. (Laws of 1919, page 636, Cahill's Ill. St. ch. 79, ¶ 116.)

The contention of appellant is that this statute as amended was passed for the protection of the officers of the court; that until the fee as therein provided was paid proceedings before the justice were not stayed; that the circuit clerk could have refused to file the transcript until the fees were paid; that the right to collect was waived by the justice of the peace and by the circuit clerk, and that they had the right to extend credit to the appellant if they saw fit, and for these reasons the appeal was improperly dismissed. In support of these contentions appellant cites five cases

from Iowa and one each from Colorado, California, Maryland and Louisiana. We have not had the opportunity to examine the exact language of the statutes upon which these opinions were based, but, regardless of their provisions, the question at issue in this case must be decided, not from the holdings of courts in other jurisdictions, but from the language of the statute of this State, considered in connection with the legislative intent and the purpose for which the amendment was made.

The rule is elementary that the primary object of construing a statute is to ascertain and give effect to the true intent and meaning of the legislature in enacting it; that it is the intention of the lawmakers that makes the law. *Hoyne v. Danisch*, 264 Ill. 467. For the purpose of ascertaining and giving effect to this intention of the lawmakers, it is proper to consider the occasion and necessity for the law, the previous condition of the law on the subject, and the defects, if any, in such former law which were intended to be cured or remedied by the later enactment. *People v. Fox*, 269 Ill. 300.

Prior to the amendment of 1919, all that was necessary to be done in order to perfect an appeal from a judgment of a justice of the peace was to file the bond as provided in the statute. A practice had grown up in the courts of this State for the party against whom a judgment was rendered to file an appeal bond, either with the justice by whom the judgment was rendered or with the clerk of the court to which the appeal was taken, and to do nothing further. The fee provided by statute was not paid and the case was permitted to stand in this condition by the party appealing until the party in whose favor the judgment was rendered went into the court to which the appeal had been taken and paid the fee provided by law, and then took a rule on the party appealing to refund the fee. This practice was carried on to such an extent that it interfered

with the due administration of justice.  In all prob-abilities, in order to remedy this evil, the legislature passed the amendment of 1919, requiring the fee to be paid within the 20 days provided for taking the ap-peal.  Since that amendment, the payment of the fee is one of the requisites to an appeal and is just as nec-essary as it is to file the bond.  To construe the amend-ment as contended by appellant would be to nullify the amendment and leave the statute substantially the same as it was before the amendment was passed.  The legislature had the right to determine the conditions on which appeals shall be taken, and after a method has been provided, a party to avail himself of the right to appeal must conform to the conditions prescribed by the statute.  *Coal Belt Elec. Ry. Co. v. Kays,* 207 Ill. 632; *Drainage Com'rs Town of Niles v. Harms,* 238 Ill. 414.  In *Kemper v. Town of Waverly,* 81 Ill. 278, and *Schooner Constitution v. Woodworth,* 2 Ill. (1 Scam.) 511, the bond was filed 21 days after the judgment and the appeal was dismissed on motion. The first condition recited in the statute as amended is payment of the fee provided by law.  This provision comes even before the one requiring the bond to be filed.  We think the statute means exactly what it says. The language is not ambiguous or uncertain.  The fee was not paid within 20 days after the rendition of the judgment and for this reason the appeal was not per-fected as provided by statute and the circuit court com-mitted no error in dismissing the appeal.

The judgment will be affirmed.

*Judgment affirmed.*