**Fred W. Hartsburg, Executor of the Last Will and Testament of Peter Weber, Deceased, Appellant, v. F. L. Beesaw, Appellee.**

### Gen. No. 7,431.

JUSTICES OF THE PEACE—*timeliness of filing appeal bond and fee on appeal to city court.* An appeal from a justice's court to the city court was improperly dismissed because the bond and appeal fee were not filed within twenty days as required by the Act relating to justices of the peace and constables (Cahill's St. ch. 79, ¶ 116), when it appeared that appellant filed the bond and paid the fee to the justice within the time required and that the justice neglected to forward them to the city court.

Appeal by plaintiff from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed March 27, 1925.

CHARLES H. DARLING, for appellant.

FRED B. SHEARER and HARVEY GUNSEL, for appellee; CHARLES B. DICKERSON, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

On June 10, 1921, James F. Galvin, a justice of the peace, after a trial before him, entered a judgment against the plaintiff in an action of assumpsit brought by Peter Weber against appellee, F. L. Beesaw. On the same day the judgment was rendered, Weber prayed an appeal to the city court of Aurora, filed an appeal bond and paid the appeal fee as provided by statute. The justice of the peace neglected to file the bond in the office of the city clerk of Aurora or pay to him the fee for the appeal within twenty days after the receipt of said fee and the approval of said bond; but on December 19, 1921, the justice sent by mail the bond, appeal fee and transcript to said clerk, and they were received by the latter on the 20th day of December, 1921. Nothing was done with the cause until the September term, 1923, of said city court, when a suggestion of the death of Peter Weber was made and appellant as executor of the last will and testament of Weber was substituted as party plaintiff. On September 17, 1923, on motion of the defendant, appellee here, a rule was entered against the plaintiff to file with the clerk a proper transcript of the record of the justice court. The motion and rule were predicated on the fact that the justice had failed to sign the transcript. The rule was complied with on the day it was entered. The cause coming on to be heard on March 31, 1924, the defendant entered his motion to dismiss the appeal because the bond and appeal fee were not filed within the time provided therefor by statute. The motion was allowed and this appeal followed.

Counsel for appellee contend that a strict compliance with section 1, art. X, ch. 79 [Cahill's St. ch. 79, ¶ 116]

entitled "An Act to revise the law in relation to justices of the peace and constables" is necessary to confer jurisdiction in cases of appeals from justices of the peace, and that because of the failure of the justice to file the bond and pay the fee within the time provided by law, the action of the city court in dismissing the appeal was proper.

Prior to the amendment of said section an appeal was perfected, so far as conferring jurisdiction upon the court to which it was taken is concerned, when an appeal bond was approved either by the justice who entered the judgment or the clerk of the court to which the appeal was taken. Chapter 53 of Smith-Hurd Statutes, known as the "Fees and Salaries Act" was amended in 1901 [Cahill's St. ch. 53], so as to provide for the payment of an appeal fee of $5.00 to the clerk of the court to which the appeal was taken. As pointed out by us in *Conklin v. Tobey,* 224 Ill. App. 142: "A practice had grown up in the courts of this State for the party against whom a judgment was rendered to file an appeal bond, either with the justice by whom the judgment was rendered or with the clerk of the court to which the appeal was taken, and to do nothing further. The fee provided by statute was not paid and the case was permitted to stand in this condition by the party appealing until the party in whose favor the judgment was rendered went into the court to which the appeal had been taken and paid the fee provided by law, and then took a rule on the party appealing to refund the fee." And thus, it was that in 1919 the legislature amended section 1 of art. X aforesaid by requiring the party appealing to pay, within twenty days from the date of the approval of the appeal bond, an appeal fee either to the justice or to the clerk of the court appealed to. We held that the effect of the amendment was to require both the payment of the fee and the approval of an appeal bond to make an appeal effective and confer jurisdiction upon the court appealed to.

But it is urged by appellee that notwithstanding the appellant may have done everything required of him by the statute, still if the justice of the peace failed in his duty, by holding the bond and appeal fee for more than twenty days, the appellant has lost his rights and his appeal is without effect. We cannot agree with this contention. Where a party undertakes to perfect his appeal before a justice of the peace and has done all that the law requires of him, he cannot be denied the right of prosecuting his appeal by reason of the negligence or the misprision of the justice. In the performance of his duty in filing the bond and turning over the appeal fee, the justice of the peace is a ministerial officer and is not the agent of the appellant. Consequently the appellant cannot be held responsible or penalized because of the failure of the justice. *Little v. Smith,* 5 Ill. 400; *Beardsley v. Hill,* 61 Ill. 354.

In *Helkelkia v. Sonzinski,* 223 Ill. App. 30, a situation somewhat similar to the present case was considered and the court held that when appellant had done all that was required of him by statute to perfect his appeal the court to which the appeal was taken acquired jurisdiction, although the papers were not sent up within the time specified by statute.

It is true that no steps were taken to prosecute the appeal in the city court of Aurora for a considerable length of time after the appeal was perfected. Whether or not this was due to the death of the original plaintiff is a matter concerning which we are not advised. At any rate no objection upon that ground is urged, and we think none could be well supported, under the circumstances.

We conclude that the trial court was in error in dismissing the appeal and this cause is therefore reversed and remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*