## The People of the State of Illinois, Defendant in Error, v. William Begley, Plaintiff in Error.

### Gen. No. 36,463.

Opinion filed April 10, 1933.

MARTIN M. WARD, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON and GRENVILLE BEARDSLEY, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant, a sergeant of police of the City of Chicago, was found guilty upon an indictment charging him with unlawfully demanding and receiving from one Gene Hasewer the sum of $1,000 by means of threats to arrest him; he was sentenced to pay a fine of $2,500 and to be expelled from the police department of the City of Chicago; he has paid the fine but by this writ of error questions the judgment of the

trial court on the ground that the indictment is insufficient in law. No evidence is in the record before us.

A defendant, even after a plea of guilty and satisfaction of the sentence imposed, may question the judgment upon the ground that the indictment is insufficient to charge any offense. *People v. Bandy,* 239 Ill. App. 273; *People v. Wallace,* 316 Ill. 120.

The proceeding was brought under Cahill's St. ch. 38, ¶ 436 (paragraph 449, ch. 38, Criminal Code, Smith-Hurd's Statutes). The provisions of this statute are that:

"Every person holding any public office . . . who shall be guilty of willful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust or employment."

The indictment, after setting forth the creation of the police department of the City of Chicago and the duties of the members of the police force, recites that the defendant was a police officer acting as a sergeant of police, and "that then and there the said defendant, William Begley, as such Sergeant of Police of the City of Chicago as aforesaid did wilfully, wickedly, unlawfully, corruptly and oppressively and by means of threats to arrest one Gene Hasewer and by intimidating and putting in fear the said Gene Hasewer, wilfully, corruptly, oppressively, wickedly, and without any legal right to do so, demand and wilfully, corruptly and wickedly receive from him, the said Gene Hasewer, a large sum of money, to-wit, the sum of One Thousand Dollars ($1,000.00) lawful money of the United States, contrary to the Statutes and against the peace and dignity of the same People of the State of Illinois."

Defendant argues that the indictment is insufficient in failing to allege, in the language of the statute, that no special provision has been made for the punishment

of such an offense, and that defendant might have been prosecuted under various other sections of the Criminal Code. In *Gunning v. People,* 86 Ill. App. 174, where Gunning, a county assessor, was indicted under this same statute, the court in reversing a conviction pointed out that the statute did not apply for the reason that the defendant might have been charged with the violation of certain sections of the Revenue Act, naming them, which provide for penalties to be imposed on assessors for violating the act. In the instant case, however, no other section of the Criminal Code has been pointed out which fits the facts set forth in the indictment. It is suggested that defendant might have been indicted under Cahill's St. ch. 38, ¶ 443 (paragraph 456 of the Criminal Code, Smith-Hurd). This provides that if any police officer or other officer shall corruptly receive any reward for doing his duty, or if he shall corruptly demand as a condition precedent to the performance of his duty as such officer any fee or reward, every such officer so offending shall be fined not exceeding $200, and may be removed from office. The instant indictment does not describe any such transactions, and, therefore, that statute is not applicable. It is also suggested that he might have been proceeded against under Cahill's St. ch. 38, ¶ 215 (paragraph 240 of the Criminal Code, Smith-Hurd). That statute deals with anyone who verbally or by communications maliciously threatens to accuse another of a crime or to expose or publish any of his failings with intent to extort money, or threatens to maim, wound, kill or murder, or to destroy his property, or to accuse another of a crime, shall be fined not exceeding $500, and imprisoned not exceeding six months. Manifestly, this statute is not applicable. Counsel for defendant does not point out any other sections of the statute which might be applicable. Therefore, we are impelled to the conclusion that the

statute, Cahill's St. ch. 38, ¶ 436 (paragraph 449, Smith-Hurd), applies, as no special provision has been made for the punishment of the offense therein described.

The indictment is said to be defective in that it does not allege that the $1,000 which defendant demanded and received from Gene Hasewer was the property of Hasewer or rightfully in his possession; that if the money was the proceeds of a robbery or belonged to the victim of a larceny the police officer had the right, by means of authority to arrest, to demand and receive the money. This might be true, but the indictment charges that the demand and receipt of the money by the police officer was without any legal right, which negatives any presumption that the money might have been the proceeds of a robbery or larceny. Furthermore, it is unnecessary in an indictment to negative all possibilities consistent with innocence; such matters are matters of defense and not of pleading.

It is said that the statute in question contains no description or definition of the offense and leaves it to the pleader to state facts upon which the court in its discretion shall determine whether the facts alleged come within its provisions. An indictment or information is sufficient which states the offense in the terms and language of the statute creating it, but where the statute itself does not define the nature of the offense sufficiently to notify the defendant of the crime with which he is charged, then the allegation in the words of the statute is insufficient. *Gallagher v. People*, 211 Ill. 158. Granting that the statute in question defines the crime in general terms, namely, as "willful and corrupt oppression, malfeasance or partiality" on the part of a police officer, the facts set forth in the indictment clearly come within this description. The indictment in substance charges that the defendant, as a police officer, unlawfully and by means of threats to

arrest, and by thus intimidating Hasewer, demanded and received from him without any legal right to do so, the sum of $1,000. No motion to quash this indictment nor request for a bill of particulars nor in arrest of judgment was made. If the indictment was defective in failing to set out sufficient facts to apprise the defendant of the charge against him, apt motions should have been made. Technical objections to an indictment are waived by failing to move to quash or otherwise attack the sufficiency of the indictment before trial and verdict. *People v. Glassberg*, 326 Ill. 379; Cahill's St. ch. 38, ¶ 793 (par. 719, ch. 38, Ill. Stat., Smith-Hurd).

Other points presented do not persuade us to disturb the judgment. It is therefore affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.