Lawrence J. Kelly and Lawrence J. Kelly, Jr., by Lawrence J. Kelly, His Father and Next Friend, Plaintiffs. Lawrence J. Kelly, Appellee, v. Thomas Powers et al., Defendants. Thomas Powers, Appellant.

Gen. No. 40,713.

Heard in the first division of

this court for the first district at the June term, 1939. 
Opinion filed January 22, 1940.

GEOFFREY FLEMING, of Chicago, for appellant.

LOESCH, SCOFIELD, LOESCH & BURKE, of Chicago, for appellee; H. DON REYNOLDS, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Lawrence J. Kelly, Jr., brought an action to recover damages sustained by him through the claimed negligence of defendants in driving a truck. His father, Lawrence J. Kelly, also joined in the suit with the son, claiming he had sustained damages for moneys paid doctors, nurses, etc., growing out of the injury of his son. At the close of plaintiffs' case there was a directed verdict in favor of defendant, The Great Atlantic & Pacific Tea Company. The jury returned four other verdicts. By two of them they found defendant, Lawrence Powers, not guilty as to each of the plaintiffs; by another, defendant, Thomas Powers, was found not guilty as to plaintiff, Kelly, Jr., and the fourth verdict found defendant Thomas Powers guilty as to the father, Lawrence J. Kelly, and assessed the damages at $500. The verdicts were returned December 9, 1938, and judgment entered on them on the same day. Afterward defendant, Thomas Powers, filed three motions, (1) for a new trial, (2) in arrest of judgment, and (3) for a judgment notwithstanding the verdict. January 5 following, the court entered an order overruling the three motions. And January 17, 1939, defendant, Thomas Powers, filed his notice of appeal from the order overruling his three motions.

In this court counsel for Thomas Powers says, "The only question before this Court is whether or not the trial Court erred in overruling or denying this defendant's motion for judgment *non obstante veredicto* and whether the judgment entered on the verdict against

Thomas Powers and in favor of Lawrence J. Kelly for $500 should stand. We do not seek a new trial.''

Lawrence J. Kelly, Jr., in his complaint, alleges that he was 12 years of age and defendant, Lawrence Powers, 13 years old; that The Great Atlantic & Pacific Tea Company owned a Plymouth coupe and employed defendant, Thomas Powers; that they permitted defendant, Lawrence Powers, the son of Thomas Powers, to drive the automobile; that it was unlawful for one under 15 years of age to drive a motor vehicle unless accompanied by an adult; that any person violating the statute not otherwise declared to have committed a felony, was guilty of a misdemeanor and that anyone who aids or abets in the commission of any act declared by the statute to be a crime, shall be guilty of such offense; and further that the statute made it unlawful for the owner or any other person knowingly to permit a motor vehicle upon the highway contrary to the statute. The complaint then alleges that certain ordinances of Chicago concerning parking and operation of automobiles, were in force and effect at the time in question; that it became the duty of defendants, Thomas Powers and The Great Atlantic & Pacific Tea Company ''not to have Lawrence Powers as their agent and servant in the possession, maintenance and operation'' of the automobile, without being accompanied by an adult; that it was the duty of defendant, Lawrence Powers, not to operate the automobile unless accompanied by an adult; that defendants, Thomas Powers and the Tea Company, disregarded their duties and permitted defendant, Lawrence Powers, to drive the automobile, and that plaintiff, Kelly, Jr., at the invitation of defendant, Lawrence Powers, stepped on the running board of the automobile which was being driven by Lawrence who suddenly stopped it, as a result of which Kelly, Jr., was thrown and injured.

Count 2 of the complaint set up that plaintiff, Lawrence J. Kelly, the father, sustained damages by incurring doctors', nurses' and hospital bills, etc., on account of his son's injuries.

We have but the common law record before us and counsel for plaintiffs contend that since defendant's motion for a judgment notwithstanding the verdict is only shown in the common law record the point made by defendant cannot be considered for the reason that the proper place for such a motion is in the report of the proceedings of the trial. This is no longer the law. Section 74, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.074], provides:

"All distinctions between the common law record, the bill of exceptions and the certificate of evidence, for the purpose of determining what is properly before the reviewing court, are hereby abolished. The trial court record shall include every writ, pleading, motion, order, affidavit and other document filed or entered in the cause and all matters before the trial court which shall be certified as a part of such record by the judge thereof. All matters in the trial court record actually before the court on appeal may be considered by the court for all purposes, but if not properly authenticated the court may order such further authentication as it may deem advisable." And Rule 36 of the Supreme Court [Rule 1, of this court], provides: " (4) A claim that any matter in the trial court record actually before the court on appeal is not properly authenticated may be raised only by motion filed . . . before or at the time of filing his brief. Such motions shall be subject to the provisions of Rule 49, and each motion shall be supported by affidavit showing, not only that the matter complained of is not properly authenticated, but that it is in fact incorrect, and that injury will result to the objecting party because of its inclusion. Unless a motion is made in the manner

required by this rule, the record shall be deemed to be correct.''

Counsel for plaintiffs, before filing their brief, made a motion to strike certain matters from the record because they were not properly authenticated. The motion was denied and although the same matters are urged in the brief, they would not be referred to in this opinion had not counsel contended that this court in *Janelunas v. Chicago Fraternal Life Ass'n*, 286 Ill. App. 219, and *Burns v. Kunz*, 290 Ill. App. 278, had held that section 74 of the Civil Practice Act had not changed the law. There is no such holding in either of these cases. In the *Janelunas* case we said that the orderly and proper way to prepare a record was to include the instructions in the report of the proceedings of the trial and not in the common law record. And this was again stated in the *Burns* case, but we did not hold or say that if the instructions or any other matter that properly belonged in the report of the proceedings of the trial was in the common law record, that we would not consider them as being before us. Before the enactment of section 74 of the Civil Practice Act, many cases were disposed of on a technicality because certain matters did not appear on the right page of the record and often worked a miscarriage of justice. It was to remedy this evil that section 74 was enacted. And the rule of court above quoted from further provides that unless the record was in fact incorrect, and the party objecting injured, further authentication of the record would not be required. In the instant case there is no contention that the record is incorrect, in which case it is, and ought to be our duty to pass upon the record before us.

Defendant contends that the jury, having found Thomas Powers not guilty as to Lawrence J. Kelly, Jr., therefore Thomas Powers is not liable to Lawrence J. Kelly, the injured boy's father, for the ex-

penses he sought to recover under count 2 of the complaint and on which the judgment appealed from was entered. We think this contention must be sustained. *Greenberg v. Chicago Cab Co.*, 274 Ill. App. 666 (Abst.); *Billstrom v. Triple Tread Tire Co.*, 220 Ill. App. 550; *Larson v. Hines*, 220 Ill. App. 594.

In the *Greenberg* case, suit was brought against the cab company and the driver of the cab to recover for personal injuries claimed to have resulted from the negligence of the driver. The jury returned a verdict finding the cab company guilty and assessing plaintiff's damages at $21,250 and finding the driver not guilty. On appeal to this court by the cab company, we reversed the judgment and said that plaintiff's case was based on the negligence of the driver of the cab and that it was claimed that the cab company was liable under the doctrine of *respondeat superior*. We there said: "since the jury by its verdict found the driver of the cab not guilty and judgment having been entered on the verdict and no appeal having been taken, the judgment is conclusive in favor of the defendant cab company. It is obvious that if the driver of the cab was not guilty of negligence in driving the cab at the time in question, the defendant cab company could not be held liable on the doctrine of *respondeat superior*. *Chicago Tel. Co. v. Hayes*, 121 Ill. App. 313 [affirmed 218 Ill. 414]; *Anderson v. West Chicago St. R. R. Co.*, 200 Ill. 329; *Billstrom v. The Triple Tread Tire Co.*, 220 Ill. App. 550."

In the instant case the jury found that neither Thomas Powers nor his son, Lawrence, was guilty of any negligence which proximately caused the injury to Kelly, Jr., and since judgment was entered on the verdict we think it follows that Lawrence J. Kelly is not entitled to recover against Thomas Powers for the expenses he incurred on account of his son's injuries. The verdicts are clearly inconsistent. But plaintiffs

further contend that the complaint alleges the violation of the statute by Powers, Sr., in that he "permitted his minor son to operate an automobile as his agent, contrary to law," and that the verdict and judgment against Powers, Sr., indicates that the jury found the proximate cause of the occurrence was that Powers, Sr., permitted his son to drive the automobile contrary to law. In support of this *Graham v. Page,* 300 Ill. 40; *Union Bank of Chicago v. Kalkhurst,* 265 Ill. App. 254; *Partridge v. Eberstein,* 225 Ill. App. 209; *Browne v. Siegel, Cooper & Co.,* 90 Ill. App. 49, are cited.

In the *Graham* case it was held that the owner of an automobile was liable for the injury caused by the negligent driving of the car by his minor son where the car is kept for family use but the liability rests upon the principle of agency. To the same effect was the holding in the *Kalkhurst* case. In those two cases the liability was based on the negligence of the drivers, but in the instant case, the jury found that the son driving the car was not guilty of negligence. The *Partridge* case involved the question of the right of way at street intersections and is not in point here. In the *Browne* case, a person was killed through the claimed negligence of the defendant in failing to lock an elevator door. We think that case is not in point.

By the verdicts of the jury and the judgment of the court Lawrence Powers, who was driving the car in question, was adjudicated to be not guilty of negligence which brought about the injuries to plaintiff and the consequent expenses. The judgment in the instant case cannot stand.

For the reasons stated, the judgment of the superior court of Cook county is reversed.

*Judgment reversed.*

MATCHETT, P. J., and McSURELY, J., concur.