People of State of Illinois, Defendant in Error, v. Floyd Lee, Plaintiff in Error.

Gen. No. 9,569.

██ Opinion filed
March 12, 1948. Rehearing denied May 4, 1948. Released for publication May 5, 1948.

JOHN F. REGAN, JR. and JAMES G. ALLEN, both of Decatur, for plaintiff in error.

IVAN J. HUTCHENS, of Decatur, for defendant in error.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

This case concerns a criminal action against Floyd Lee, plaintiff in error herein, brought in a justice court on a complaint charging that Lee, "on the 26th day of October, A. D., 1946, unlawfully did then and there conduct himself in a disorderly manner by making improper advances toward one Mildred Cline upon a public place of the City of Decatur." Upon arraignment before the justice, Lee pleaded guilty, judgment was entered against him, and he was fined $200, which he paid. The fifth day thereafter Lee filed an appeal bond with the justice of the peace, who approved the bond, granted the appeal, and filed the transcript of appeal with the clerk of the county court of Macon county, who docketed the cause. Lee then filed a motion in the county court asking that the warrant against him be quashed and the complaint dismissed because of insufficiency of the complaint. Thereafter the state's attorney filed a motion in the county court asking that the appeal be dismissed because the justice of the peace had no jurisdiction to grant an appeal and because the appeal fees had not been paid, which motion the county court allowed and entered an order dismissing the appeal. This writ of error follows.

The record on review before this court sets out in full the state's attorney's motion to dismiss the appeal from the justice court and the county court's order

thereon, together with judgment order dismissing the appeal. The entire record on review is certified to by the clerk of the county court as true and correct. No part thereof, however, has been authenticated or certified to by the county judge, as a bill of exceptions or certificate of evidence.

Defendant in error contends that there is, therefore, no question properly before this court for review because motions to dismiss, and rulings thereon, are not and cannot be made a part of the common-law record by being copied therein, but must be incorporated in the record in a bill of exceptions, and if they are not so incorporated, the reviewing court on writ of error cannot pass upon any question in connection with the motion or the rule.

Defendant in error's citation of authority in support of this position includes the following decisions indicating the distinction between the common-law record and the bill of exceptions, as developed prior to the enactment of the Civil Practice Act: *People v. Ellsworth*, 261 Ill. 275 (1914); *People v. Ritscher*, 301 Ill. 40 (1922); and *People v. Street*, 353 Ill. 60 (1933).

Subsequent decisions of the Supreme Court in *People v. Zaransky*, 362 Ill. 76 (1935); *People v. Buckman*, 357 Ill. 407 (1935); *People v. Reese*, 355 Ill. 562 (1934); *People v. Yetter*, 386 Ill. 594 (1944); and *People v. Lantz*, 387 Ill. 72 (1945), also relied on by defendant in error, appear to extend and reaffirm this body of law despite the advent of the Civil Practice Act which provides that

"all distinctions between the common law record (and) the bill of exceptions . . . for the purpose of determining what is properly before the reviewing court are hereby abolished . . . (and that) all matters in the trial court record actually before the court on appeal may be considered by the court for all purposes;"

(Ill. Rev. Stat. 1945, ch. 110, par. 198, subpar. 2 [Jones Ill. Stats. Ann. 104.074, subpar. 2]) and despite the 1938 amendment to the Criminal Code which provides that

" . . . proceedings for review of criminal cases . . . shall be the same as in civil cases."

(Ill. Rev. Stat. 1945, ch. 38, par. 780¼ [Jones Ill. Stats. Ann. 37.802]).

In the following Supreme Court cases, the court appears to have further extended and reaffirmed the pre-Civil Practice Act doctrine contended for by defendant in error:

*People v. Yetter,* 386 Ill. 594 (1944);
*People v. Lantz,* 387 Ill. 72 (1944);
*People v. Justat,* 389 Ill. 138 (1945);
*People v. Corrie,* 387 Ill. 587 (1944);
*People v. Johns,* 388 Ill. 212 (1944);
*People v. Nelson,* 390 Ill. 47 (1945);
*People v. Pond,* 390 Ill. 237 (1945);
*People v. Kobley,* 390 Ill. 565 (1945);
*People v. Richardson,* 391 Ill. 523 (1945);
*People v. Carter,* 391 Ill. 594 (1945);
*People v. Jensen,* 392 Ill. 72 (1945);
*People v. Montville,* 393 Ill. 590 (1946);
*People v. Wells,* 393 Ill. 626 (1946);
*People v. Adams,* 393 Ill. 308 (1946);
*People v. Foster,* 394 Ill. 194 (1946);
*People v. Klien,* 395 Ill. 449 (1947);
*People v. Washington,* 396 Ill. 30 (1947);
*People v. Ritcheson,* 396 Ill. 146 (1947);
*People v. Laughery,* 396 Ill. 213 (1947);
*People v. Kemp,* 396 Ill. 578 (1947).

In each of these cases the plaintiff in error unsuccessfully sought review of a ruling on motion for a new trial, alleging as grounds in support of the motion, insufficiency of evidence to support the verdict, incompetence of counsel, improper instructions, improper

conduct of the trial court and state's attorney, and lack of due process resulting from various irregularities in the trial procedure. It is noted that in each case review was sought on the common-law record alone and that these questions sought to be reviewed concern for the most part factual matters which occurred during trial, and that no issue was made as to the applicability and interpretation of those provisions of the Civil Practice Act now being considered.

These matters, by their nature, would ordinarily appear in a report of proceedings only and would not be adequately presented for consideration by a reviewing court having before it only that part of the record which under former practice constituted the ''common law record.'' As a result, it appears that the decisions in these cases would probably have been the same had the above provisions of the Civil Practice Act and Criminal Code been an issue before the Supreme Court, because the questions sought to be raised were not sufficiently presented by the record on review to enable the reviewing court to make an intelligent inquiry into them. It would seem, therefore, that pronouncements in these cases to the effect that ''motions and the court's rulings thereon can be preserved for review only by being included in bills of exceptions'' (e.g., People v. Jensen, 392 Ill. 72 (1945) ) are excessively broad for strict accuracy and that they constitute dicta to the extent that they are unnecessary to support these decisions.

Furthermore, there is indication that some ''movement'' has occurred in the meaning of the language used in these decisions. It seems clear from decisions handed down under former practice that a court ''could judicially know only that which is set out in the bill of exceptions,'' that is, that the court would not review a motion even though fully set out in the common-law record if the motion was not also included in the bill of exceptions. Remarks in the later above

decisions suggest, however, that a motion for a new trial, even though contained in the "common-law record" and not in a bill of exceptions, might be considered by a reviewing court if the matters in support thereof were adequately presented to the reviewing court. Observations by the court in the above decisions that the motion for new trial appeared neither in a bill of exceptions *nor in the "common-law record"* and that there was no basis for the alleged error in the common-law record would otherwise be superfluous.

In the majority of these recent cases, plaintiffs in error, unskilled in the practice of law, appeared *pro sese,* and inasmuch as they failed to obtain the Supreme Court's construction of the above provisions of the Civil Practice Act and Criminal Code, we are of the opinion that these decisions are not determinative of the issue in the instant case.

We do, however, find a companion line of cases beginning with *People v. Ladas,* 374 Ill. 419 (1940) wherein the above provisions of the Civil Practice Act was called to the attention of the Supreme Court. In the *Ladas* case plaintiff in error, as in the above group of cases, sought review of his motion for a new trial and as ground therefor alleged unfair arguments and improper conduct on the part of the prosecution. The arguments complained of were not contained in the bill of exceptions, but were contained in an affidavit filed by the defendant in support of his motion for a new trial. The court held that the arguments "should have been included in a bill of exceptions and cannot be furnished by affidavit" (citing pre-Civil Practice Act cases). Although defendant argued that "this is no longer the law because section 74 (2) of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 198, subpar. (2); Jones Ill. Stats. Ann. 104.074, subpar. (2)] requires the trial court to include in its record every writ, pleading, motion, order, affidavit and other document filed or entered in the cause and all matters

before the trial court which shall be certified as a part of such record by the judge thereof,'' the court held that ''this section sets forth the requirements for the trial court record but does not purport to provide the manner of saving questions for review. Following this contention to its logical conclusion, a motion for a new trial or objection to evidence would no longer be necessary if defendant's contention were sustained.''

While the import of this last sentence is not entirely clear, it appears that the court was dissatisfied with the incompleteness of the showing in the record concerning the arguments and conduct complained of. Substantially the same question was raised with like result in *People v. Vaughn*, 390 Ill. 360 (1945) and in *People v. Ritcheson*, 396 Ill. 146 (1947), the court relying for its decision on the *Ladas* case. In these two cases it appears that the court found that the *ex parte* nature of the affidavits setting forth the allegedly improper argument and conduct did not fully present the question for review because it was not shown that the court had ruled on the motion or had heard arguments thereon by counsel for both parties.

We are, therefore, of the opinion that the *Ladas* line of cases goes only to the sufficiency of the showing that must be made as to the grounds for review of a motion and not necessarily to the form in which the grounds are to be presented to the reviewing court.

This conclusion seems supported by the decision in the First District Appellate Court in *People v. Kelly*, 285 Ill. App. 57 (1936). In this case the state's attorney's contention that the reviewing court could not consider the sufficiency of the evidence because the bill of exceptions did not contain the motion for new trial was summarily denied. The court noted that the case cited in support of this position ''arose before the enactment of the Civil Practice Act and before paragraph 839 (1) of chapter 38, Ill. State Bar Stats. 1935 (ch. 38, sec. 780¼, Ill. Rev. Stat. 1945 [Jones Ill. Stats.

Ann. 37.802]) was enacted'' and held it sufficient that the motion for new trial appeared in the judgment order. Because the record in this case contained a detailed account of the lengthy series of proceedings and continuances had in the trial court, it appears that the court found itself sufficiently advised as to factual matters assigned as grounds for new trial and, therefore, reviewed the motion. The state's attorney also argued that the abstract was insufficient to show the substance of plaintiff in error's petition for a change of venue and that affidavits in support of the petition were not a part of the record. MATCHETT, J., specially concurring was of the opinion that the abstract was sufficient and significantly remarked that ''under Section 74 of the Civil Practice Act, which is applicable, the petition and affidavits are a part of the record.''

As the Criminal Code provides that ''. . . proceedings for review of criminal cases . . . shall be the same as in civil cases . . . except as otherwise provided'' in the Code (Ill. Rev. Stat. 1945, ch. 38, sec. 780¼ [Jones Ill. Stats. Ann. 37.802]), but makes no provision regulating the form and content of the record to be taken before the reviewing court on writ of error, it seems clear that the following civil cases construing Section 74 (2) of the Practice Act are in point in this discussion.

In *Litchfield Nat. Bank v. McBride*, 289 Ill. App. 420 (1937) appellee contended before this court that certain motions were not properly before us because appellee had not complied with Rule 1 (1) (c) requiring such motion to be preserved by a report of proceedings at the trial. We held that it ''is made clear by Section 74 (2) of the Civil Practice Act (that) an appeal cannot be dismissed (for such improper certification), but the court may order such further authentication as it may deem advisable'' and pointed out that appellee might, by appropriate motion supported by affidavit in accordance with Rule 1 (4) of this court,

demand further certification. As appellee made no such motion supported by showing that error in the record would result in injury to him, the record was deemed correct and we considered the motion.

In *Warner v. Burke,* 302 Ill. App. 85 (1939) appellee contended that although appellant's motion for a new trial and the court order denying same were in the common-law record, these matters were not properly preserved in the 'report of proceedings and that the court, therefore, could not review the sufficiency or weight of the evidence. In reply to this argument the court quoted the following terse comment from the *pre-Civil Practice Act case of Pralle v. Metropolitan Life Ins. Co.,* 252 Ill. App. 460 (1929) wherein similar argument had been made: ·

"The judgment order itself obviously is a part of the common-law record and from it, it appears that a motion for a new trial and a motion in arrest of judgment were made and overruled, and we think the court ought not to be so blind as to be unable to see this in the record . . . The merits of a controversy ought not to be decided on such technicalities."

We find these remarks particularly pertinent in the instant case.

In the *Warner* case appellee also contended that appellant's motion and the court's rulings thereon had not been certified in accordance with Rule 1 (1) (c) of the First District Appellate Court to which the court replied as in the *Litchfield* case, *supra* that appellee's remedy lay in the provisions of Rule 1 (4).

We view Rule 24 of this court and the substantially identical Supreme Court Rule 70-A, applicable in criminal cases, as analogous to Rule 1 (1) (c) of this court and Rule 36 (1) (c) of the Supreme Court and are, therefore, of the opinion that similar argument attempted to be made in the instant case as to lack of authentication is completely answered by the decisions

in the foregoing cases in which it is pointed out that defendant in error's objection must be based on proper motion.

In *Kelly v. Powers,* 303 Ill. App. 198 at p. 201 (1940) it is squarely held that as a result of the enactment of section 74 of the Civil Practice Act it "is no longer the law" that a motion for judgment, notwithstanding the verdict, cannot be considered when the motion appears before the reviewing court in the common-law record only (see also *Rasmussen v. National Tea Co.,* 304 Ill. App. 353, 358 (1940)), and that section 74 was enacted to remedy the evil in the former rule which resulted in the disposition of many cases "on technicalities because certain matters did not appear on the right page of the record and often worked a miscarriage of justice."

In the recent case of *Horvat v. Opas,* 315 Ill. App. 229 (1942) at p. 234, it was held that there is no merit in the contention that the reviewing court cannot consider a motion for a new trial because the motion is not in the report of proceedings and that *Kelly v. Powers, supra* "states the law on this subject."

We have reviewed these cases at some length because of the arguable conflict between the Practice Act and the Appellate Court decisions on the one hand and the recent Supreme Court decisions on the other, which we have considered above. We believe that the Supreme Court decisions are reconcilable with the Appellate Court decisions in manner already stated. However, even though we may be incorrect in this conclusion, we do not believe that the Supreme Court decisions are controlling in the instant case because in all but three of these cases the pertinent provisions of the Civil Practice Act and Criminal Code were not considered either directly or indirectly.

It seems evident that the Legislature by enacting Section 74 of the Civil Practice Act intended to bring

about a thorough-going change in the requirements as to the form of the record on review or on appeal and to liberalize the practice in regard thereto insofar as is consistent with adequate verification of the record. It appears that the "report of proceedings at the trial" was intended to be generally equivalent to but not necessarily co-extensive with the "bill of exceptions" or "certificate of evidence" under former practice and that the remaining part of the entire record, *i.e.,* the "record proper" was intended to be comparable to but more inclusive than the "common-law record" under former practice. (See generally McCaskill, *Illinois Civil Practice Act Annotated,* page 254 ff., and 6 Nichols Illinois Civil Practice, ch. 118.) If the result of these changes is to channel a greater proportion of the entire record into the "record proper," we cannot view this tendency with alarm so long as adequate authentication of the record is maintained.

■ ■ In the instant case defendant in error has not, by motion filed within the time allowed by Rule 1 (4) of this court, asserted that any matter in the record before us is incorrect and that defendant in error will be injured thereby. The record must, therefore, be deemed correct. As it has not been argued that we would be more fully advised as to the merits of this case if the motion had been included in a part of the record entitled "report of proceedings" or "bill of exceptions" than we are with the motion contained as it is in the record proper only, we find no merit whatever in defendant in error's contention that we are foreclosed by arbitrary rule of law from entertaining this writ of error.

The grounds asserted as basis for People's motion to dismiss the appeal are, in substance, as follows:

1. Defendant having entered a plea of guilty, and judgment having been entered on plea, and fine and

costs having been paid, the justice was without jurisdiction to enter any order granting appeal and his purported order was, therefore, void.

2. The county court has no jurisdiction of the subject matter or parties because no costs or fees were tendered to the justice of the peace or for the transcript in connection therewith.

3. The county court did not acquire jurisdiction of the cause or of the parties because the justice was without jurisdiction to enter said order approving appeal bond and allowing the appeal.

The order of court dismissing the appeal is, in substance, as follows:

The motion of the People to dismiss the appeal having been heretofore heard and taken under advisement by the court and the court being now fully advised in the premises allows said motion to dismiss appeal. It is, therefore, ordered by the court that said appeal be and the same is hereby dismissed.

Two questions, therefore, remain for consideration:

1. Did plaintiff in error lose his right to appeal by pleading guilty to the offense as charged and paying the fine imposed?

2. Was the payment of the statutory appeal fees a prerequisite to perfecting the appeal from the justice court?

It appears from the form of the judgment order that the county court answered one or both of these questions in the affirmative, and finding itself, therefore, without jurisdiction to entertain the appeal, allowed the state's attorney's motion and ordered the appeal dismissed.

We find no Illinois cases and counsel have cited none which adjudicate the right of the defendant to appeal from the judgment of a justice of the peace under the circumstances now before us.

However, in *People v. Bandy,* 239 Ill. App. 273 (1925) where the conviction appealed from was had in a court of record, this court held that a writ of error will lie to review a conviction based on a plea of guilty upon an assignment that the judgment is erroneous because the information failed to charge any offense, although the defendant's fine under such conviction was paid. (See also *People v. Begley,* 270 Ill. App. 197 (1933).)

 We cannot agree with defendant in error's contention that termination of litigation concerning "that most insignificant part of the criminal offenses in this state" over which justices of the peace have jurisdiction is our primary concern; nor do we find merit in the contention that the *Bandy* case is fundamentally distinguishable because review of the judgment of a court of record was sought therein by writ of error while in this case review of the judgment of a justice of the peace is sought by appeal, since both appeal and writ of error seek the same end. (*cf., People v. Bandy, supra,* at page 278.)

While the decisions in other jurisdictions are not in agreement, we find that even where a plea of guilty has generally been held to be a waiver of, or bar to, the right of the accused to appeal from a judgment of a court of record, it has been observed, and we think properly, that this rule "is not well adapted where an appeal is provided for from a court not of record (because) in those courts trials are usually conducted summarily and with much informality, and often, even in most cases, tried by them, the accused is without benefit of counsel." (See generally 22 C. J. S. Criminal Law, sec. 390 and *Dickerson v. Commonwealth,* 162 Va. 787 cited therein at note 87.)

It is provided by statute in this State that "appeals from Justices of the Peace . . . shall be granted in all cases except on judgments confessed . . ."

(Ill. Rev. Stat. 1945, ch. 79, par. 116 [Jones Ill. Stats. Ann. 71.112]).

Plaintiff in error contends that his plea of guilty was not a "judgment confessed" within the meaning of this statute and that he has brought himself within the rule in the *Bandy* case because the complaint against him is inadequate to allege a crime.

We are of the opinion that this position is well taken. The statute under which plaintiff in error was convicted provides that "whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency, tending to debauch the public morals, shall be fined not exceeding $200.00." (Ill. Rev. Stat. 1945, ch. 38, par. 159 [Jones Ill. Stats. Ann. 37.124].) In *People v. Carpenter,* 207 Ill. App. 588 (1917), this court held that a complaint charging an offense under this statute must allege the facts constituting the offense and must allege, in the language of the statute, that the acts charged tend "to debauch the public morals." On an appeal from a justice court, it was, therefore, held error for the circuit court to overrule a motion to quash a complaint which failed to meet these requirements.

Ordinarily a criminal complaint is sufficient if it alleges the offense in the language of the statute, but where the statute creating the offense does not describe the act or acts which comprise it, such acts must be specifically averred in the complaint or information. (See *People v. Chiafreddo,* 381 Ill. 214 (1942) and cases therein cited.) It has been held that a complaint based on the disorderly conduct statute falls in the latter class and must describe and specifically set forth the acts which constitute the offense. (*Williams v. People,* 67 Ill. App. 344 (1896).)

We are of the opinion that the allegation in the complaint herein, *viz.,* that plaintiff in error "made improper advances toward" a certain female, does not·

sufficiently describe the acts complained of within the meaning of the above cases and that the complaint fails to inform defendant of the nature of the charge against him, does not give him enough information to prepare his defense and is not sufficiently definite to be a bar to further prosecution. (*cf., People v. Green,* 368 Ill. 242 (1938) at page 253, ff.) For similar reasons we are further of the opinion that the complaint fails to sufficiently allege where the offense took place. (*People v. Rice,* 383 Ill. 584 (1943) and *People v. Green, supra.*)

It has also been held in the case of *Davis v. City of Joliet,* 15 Ill. App. 664 that a plea of guilty in a justice of the peace court, to an offense punishable by a fine within a given minimum and maximum, is not such a confession of judgment as would preclude an appeal, for, to effect such a bar, it is necessary that the amount as well as the fact of indebtedness be acknowledged.

Defendant in error's further contention, that payment by plaintiff in error of the fine imposed has rendered moot the question before this court, is sufficiently answered by the decision in *Lott v. Davis,* 262 Ill. 148 (1914) wherein it is stated that "it is not material whether the plaintiff in error can recover the money paid or not since the erroneous judgment is of itself an injury from which the law will presume damages." (See also *Page v. People ex rel. Weber,* 99 Ill. 418 (1881); *People v. Begley,* 270 Ill. App. 197 (1933); and *People v. Bandy,* 239 Ill. App. 273 (1925).) The observations contained in the *Page* and *Lott* decisions, which were civil cases, are even more pertinent, it seems to us, in the case of an erroneous conviction for a criminal offense.

Although defendant in error has assumed that the question of payment of appeal fees is not properly before this court and has, therefore, not argued this point in its brief, this question cannot be ignored be-

cause the motion to dismiss the appeal was based partially upon plaintiff in error's alleged failure to pay said fees.

While a typewritten recitation in the justice's transcript stating that the appeal fees were paid has been crossed out for reasons not appearing in the record, defendant in error's own motion to dismiss the appeal quotes the justice's docket, stating that plaintiff in error "pays appeal fees." We are, therefore, of the opinion that the county court might have found that the appeal fees were, in fact, paid.

Assuming, however, that no "appeal fees" whatsoever were paid, it seems clear that payment thereof is not a prerequisite to perfecting an appeal in a criminal case. There are three separate fees which become payable upon an appeal from the judgment of a justice of the peace which may generally be described as "appeal fees." Of these, the transcript fee of $1 and the bond approval fee of $1 provided for by ch. 53, par. 59, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 48.041], are payable to the justice of the peace and are retained by him.

The third, called the filing or docketing fee, is payable directly to the clerk of the court to which the appeal is taken if the appeal bond is filed with the clerk of that court by the appellant. On the other hand, if, as in this case, the appeal bond is first filed with the justice, the $5 docketing or filing fee is payable to the justice, who in turn files the appeal bond with and pays over the filing fee to the clerk of the Appellate Court in accordance with ch. 79, par. 116, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 71.112].

In *McArthur v. Artz,* 129 Ill. 352 (1889) it was held that the prepayment of the docketing or filing fee is not a prerequisite in a criminal case to perfecting an appeal from the justice court because an acquitted defendant is not required to pay costs, and as he cannot recover back the costs if he does pay them, he

should not be obliged to advance them. However, subsequent to the date of this decision, the Justice's and Constable's Act was amended (Laws 1919, page 636) to read essentially as in its present form, *viz.*, "the party praying for an appeal shall within 20 days from the rendition of the judgment pay the fee provided by law for the filing of such appeals . . . ." (Ill. Rev. Stat. 1945, ch. 79, par. 116 [Jones Ill. Stats. Ann. 71.112]).

It has been held in a number of civil cases that this statute in its present form makes the payment of the filing fee a prerequisite to perfecting an appeal from a justice court. (*Conklin v. Tobey,* 224 Ill. App. 142 (1922); *Hartsburg v. Beesaw,* 237 Ill. App. 295 (1925); *Malzahn v. Gronwald,* 240 Ill. App. 349 (1926); *Berkel v. Schmitt,* 244 Ill. App. 437 (1927); and *Newby v. Yellin,* 257 Ill. App. 526 (1930).) Although ch. 79, par. 173, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 71.169] provides that in criminal cases an appeal from a justice court is "to be taken in the same time and manner, and upon the same conditions, and with like effect, and like proceedings may be had thereon as in civil cases . . .," it is clear that these statutory provisions and the above decisions do not affect the rule in the *McArthur* case as to criminal appeals when the appeal bond is filed in the first instance with the clerk of the Appellate Court.

We are of the opinion that the liability of the defendant on a criminal appeal to advance the filing or docketing fee should not hinge on whether he files the appeal bond with the justice or with the clerk of the court to which the appeal is taken, and we, therefore, hold that the rule laid down in the above cited civil cases is inapplicable with respect to criminal appeals. (*cf., Anderson v. Schubert,* 158 Ill. 75 (1895).) We find the decision in the *McArthur* case equally forceful with respect to the transcript fee and the bond approval fee, and note that it is squarely held

in *Newby v. Yellin, supra,* that even in civil cases, payment of these fees is not a prerequisite to perfecting an appeal from a justice court.

Accordingly we are of the opinion that neither ground urged in support of the motion to dismiss the appeal is sufficient and that the county court of Macon county erred in allowing said motion.

Defendant in error has filed a motion in this court that the judgment of the county court be affirmed, which motion was ordered taken with the case. All points raised by the motion have been disposed of by that which we have heretofore set forth and such motion is therefore denied.

The judgment of the county court is reversed and the cause remanded with directions to deny the motion to dismiss and to proceed with a hearing of the cause.
*Reversed and remanded with directions.*